GLADYS C. PORTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CAMILLE V. LIGHTNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 595, 596. Promulgated December 27, 1943.[1]

*Homer L. Bruce, Esq.*, for the petitioners.
*Frank B. Appleman, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge*: These proceedings have been submitted under Rule 30 upon a stipulation of facts. The Commissioner determined these deficiencies in income tax:

|  | 1938 | 1939 | 1940 |
|---|---|---|---|
| Gladys C. Porter | $3,056.82 | $3,292.49 | $7,734.65 |
| Camille V. Lightner | 2,975.37 | 3,177.16 | 5,454.03 |

[1] Originally entered as a memorandum opinion of same date.

The taxpayers contend that income from several trusts received by them after their marriages was community income and that the Commissioner was in error in taxing them upon it as their separate incomes.

The taxpayers are sisters. They are married and during the taxable years were domiciled with their husbands in Brownsville, Texas. They filed separate income tax returns in San Antonio. Before their marriages in 1929 and 1934, respectively, they lived with their parents in New York. Several trusts were established by their father, some before and some after their marriages, and the taxpayers were beneficiaries, receiving some or all the incomes. The Commissioner, in determining the deficiency, held that the incomes, consisting entirely of dividends and interest on stocks and bonds held by the trustee, were respectively the taxpayers' "separate, rather than community, income."

The Commissioner's argument misses the distinction in Texas community property law between the character of ownership of property and that of income therefrom. While property, including an interest in property held in trust, acquired by a woman as a gift is, and continues after her marriage to be. her separate property, this is not true of the income derived therefrom after marriage. The income is community income. Unlike principal property received as a gift by a married woman after marriage, income is community property, even though the property from which it is derived is the separate property of the wife. The principal property remains her separate property after marriage, but the income from it after marriage is community income. *Commissioner* v. *Terry*, 69 Fed (2d) 969; *Commissioner* v. *Wilson*, 76 Fed. (2d) 766; *Eva Lavino Griffiths*, 30 B. T. A. 852: cf. *Norman De Vaux*, 14 B. T. A. 205.

The fact that the trust was made in New York, by the law of which it is to be administered, does not affect the question whether the income from it received by beneficiaries, residents of Texas, is separate or community income. That question is controlled by Texas law. Cf. *Hopkins* v. *Bacon*, 282 U. S. 122. The Federal income tax follows the ownership of the income under Texas law, *Commissioner* v. *Wilson*, *supra*.

We think it is clear that the income received by each of the taxpayers from the trust was community income in the tax year in which it was received, and that the determination was in error in treating it as separate income of the taxpayer taxable entirely to her. The determination is reversed.

*Decision will be entered under Rule 50.*