James H. Snowden v. Commissioner.
Snowden v. Commissioner
Docket No. 421.
United States Tax Court
1944 Tax Ct. Memo LEXIS 229; 3 T.C.M. (CCH) 509; T.C.M. (RIA) 44186; May 30, 1944
*229 Robert Ash, Esq., Munsey Bldg., Washington, D.C., for the petitioner. Frank B. Appleman, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined deficiencies in the petitioner's income tax of $2,948.83 and $5,189.31 for 1939 and 1940, respectively. The only issue presented is whether dividends and interest received by petitioner from certain trusts constituted petitioner's separate income or were community income. [The Facts] All the facts have been stipulated and are found as stipulated. Petitioner is a resident of Texas and filed his income tax returns for the years 1939 and 1940 with the Collector at Dallas. In 1922, when the petitioner was six years old, his parents were divorced. They were then living in Miami, Florida. Thereafter and during his minority, petitioner lived part of the time with his mother and part of the time with his father. His mother had married a naval officer, who retired from the Navy in 1925, and thereafter lived at Newport, Rhode Island. Petitioner's father from the time of his divorce until his death in 1930 was domiciled in Long Island, New York. On June 23, 1937, petitioner married Frances Gardner, of Waco, *230 Texas. In May 1939, he moved to Texas and since that time has been domiciled in that state. By an agreement entered into on January 19, 1922, with the Bankers Trust Company, of New York City, as trustee, the petitioner's father, James H. Snowden, domiciled in Florida, created a trust of which the petitioner was named as the beneficiary of a one-third share. During petitioner's minority the trustee was directed to apply so much of the income from petitioner's share as it deemed advisable for the support, maintenance and education of petitioner. Further the trustee was directed to pay to petitioner, when he should reach the age of 21, all the income theretofore accumulated and remaining undistributed and thereafter to distribute quarterly to him during his lifetime all the income arising from his share. Provision was made for the termination of the trust as to petitioner's share and the distribution of the principal thereof in event of his death. Petitioner's father, then domiciled in the State of New York, died testate on July 30, 1930. By his will he left the residuary portion of his estate to the Bankers Trust Company, of New York City, to be held in trust. The petitioner was named *231 as the beneficiary of a one-third share. Such part of the income from such share as the trustee deemed advisable was to be applied to the support, maintenance and education of the petitioner until he reached 21 years of age. When petitioner reached 21, the trustee was to pay to him all the accumulated and remaining undistributed income, and thereafter pay to him quarterly, for life, the entire income arising from petitioner's share. Provision was made for the termination of the trust as to such share and the distribution of the principal thereof in case of petitioner's death. On June 25, 1937, and after he had reached his majority and had married, the petitioner, by an agreement entered into with the Bankers Trust Company, of New York City, established a revocable trust, of which he was the income beneficiary for life. Provision was made for the distribution of income and principal to others in event of his death. The principal of this trust represented the accumulated and remaining undistributed income of the two abovementioned trusts which was distributable to the petitioner upon reaching his majority. During the years 1939 and 1940 the Bankers Trust Company continued to be trustee *232 of the above-mentioned trusts, and had custody of and managed the property of those trusts. It filed fiduciary income returns for the trusts with the Collector in New York, New York. At regular intervals it distributed the income of the trusts to the petitioner and credited the amounts thereof to him in bank accounts maintained by him with it. Petitioner drew checks on said bank accounts at will. The distributions made to petitioner in 1939 and 1940 from the trusts consisted entirely of dividends and interest, including interest on government obligations. In their separate income tax returns for 1939 and 1940, the petitioner and his wife treated said distributions of trust income as community income, each reporting one-half of such income. The respondent determined that the entire income from each of the trusts was the separate income of the petitioner and taxable to him as such. Since he was not domiciled in Texas during the first five months of 1939, the petitioner concedes that the dividends and interest received from the trusts for that period were his separate income. He contends that the dividends and interest received during the remainder of 1939 and during 1940 were community *233 income to himself and his wife. In support of his contention, he relies on Gladys C. Porter, 2 T.C. 1244, wherein it was held that dividends and interest received by a wife domiciled in Texas from a New York Trust created by her father prior to her marriage and of which she continued to be a beneficiary after her marriage were community income under Texas law and that she was taxable on only one-half thereof. The respondent concedes that the decision in that case is contrary to his contentions here. The issue here raised is accordingly decided for the petitioner. Decision will be entered under Rule 50.