Louise Strother Sims v. Commissioner.
Sims v. Commissioner
Docket Nos. 111451, 1338.
United States Tax Court
1944 Tax Ct. Memo LEXIS 228; 3 T.C.M. (CCH) 508; T.C.M. (RIA) 44182; May 30, 1944
*228 Homer L. Bruce, Esq., for the petitioner. Frank B. Appleman, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined the following deficiencies in income tax against the petitioner: Docket No.
Year
Deficiency
1338
1937
$15,085.64
111451
1938
7,569.49
1338
1939
6,171.94
1338
1940
9,232.67
The principal issue raised by the pleadings is whether dividends and interest received by petitioner from a trust of which she was the beneficiary were her separate income or were the community income of herself and her husband. [The Facts] All the facts have been stipulated and are found as stipulated. The petitioner filed her income tax returns for the years involved in this proceeding with the Collector at Dallas, Texas. At all times during those years, and continuously since, the petitioner and her husband, Hoytt De Sha Sims, have been residents and citizens of, and domiciled in, the State of Texas. Prior to 1937 the petitioner was domiciled in Oklahoma, and her husband was domiciled in a non-community property state. The petitioner is the daughter of Oscar D. Strother, who died testate, and a citizen and resident of Oklahoma, *229 on March 17, 1926. Under his will, which was probated in Oklahoma, Strother left one-half of his residuary estate to J. C. Greer, a citizen of Virginia and a resident of Martinsville in that state, in trust for the petitioner. Greer was directed to use the income from the trust and so much of the principal as he might deem proper for the use and benefit of the petitioner, and to pay to her one-half of the existing principal when she reached 30 years of age, and the remainder when she became 35 years of age. In event of petitioner's death prior to the termination of the trust, the remaining trust property was to go to others. In pursuance of the will, the executor thereof delivered a valuable estate to Greer, as trustee. Throughout the years here involved, Greer administered the trust property in Virginia, except certain real estate located in Oklahoma and Louisiana. All distributions of income by Greer were made by checks drawn on a bank in Virginia, and were deposited by petitioner in her account in banks in Texas. During the taxable years involved herein, the trust distributed to the petitioner certain dividends received on corporate stocks owned by it as well as certain interest *230 received on notes, corporate bonds and government obligations which it also owned. In their separate income tax returns, the petitioner and her husband treated said items as community income and reported one-half of the amounts thereof in their respective returns. The respondent determined that such income was the separate income of the petitioner and that the entire amount thereof was taxable to her. The petitioner contends that under the laws of Texas said dividends and interest were community income and were properly reported as such by her and her husband. In support of her position she relies on our decision in Gladys C. Porter, 2 T.C. 1244. That case involved dividends and interest distributed by trusts created and administered in New York State and received by a wife, who, with her husband, was domiciled in Texas. We there held that such income was community income under Texas law and that on her separate return the wife was taxable on only one-half. The respondent concedes that the decision in the Porter case is contrary to his position here. The petitioner is accordingly sustained. The remaining issues are disposed of by stipulation *231 of the parties. Decisions will be entered under Rule 50.