JOHN MILLER KANE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15833.   Promulgated July 21, 1948.

*Villard Martin, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent..

OPINION.

BLACK, *Judge*: This proceeding involves a deficiency of $8,098.03 in income tax determined by the respondent against petitioner for the taxable year ended December 31, 1945.

The deficiency is the result of a single adjustment made by the respondent to the net income as disclosed by petitioner's amended return.   In a statement attached to the deficiency notice the respondent labels this adjustment "(a) Community property adjustment $13,-013.55" and explains it as follows:

(a) During the taxable year, and subsequent to July 26, 1945, your wife, Marie Foster Kane, received distributions from H. V. Foster Trust and the Estate of H. V. Foster, of $21,600.00 and $4,427.10, respectively, or a total of $26,027.10.   It has been determined that under the Oklahoma Community Property Law passed in 1945 which was held to be effective for Federal income tax purposes as of July 26, 1945, 50% of the $26,027.10 in question, or $13,013.55, was taxable to you as community property income.   Inasmuch as you reported no income from this source, the net income as disclosed by your amended return has been increased by an adjustment of $13,013.55.

Petitioner, by appropriate assignments of error, contests the above adjustment.

The facts have been stipulated and we summarize them as follows:

Petitioner is and was at all times during the year 1945 a married man, living with his wife, Marie Foster Kane, and domiciled in the State of Oklahoma.   His income tax return for the taxable year ended

December 31, 1945, was filed with the collector of internal revenue for the district of Oklahoma at his office in Oklahoma City.

During the year 1945 Marie Foster Kane was a beneficiary under a trust created by her father, Henry Vernon Foster, on May 6, 1932. She was also the beneficiary of a testamentary trust created by the will of her father, who died a resident of the State of Oklahoma on June 5, 1939.

The trust agreement dated May 6, 1932, provides, among other things, as follows:

Whereas, the Donor has assigned, transferred and delivered to the Trustees the property described in the schedule hereto attached  *  *  *

Now  *  *  *  it is agreed that the Trustees shall hold and administer said property  *  *  *  in trust for the uses and purposes and upon the terms and conditions hereinafter set forth:

First: Out of the income derived by the Trustees from the property at any time comprising the Trust Estate, the Trustees shall first pay all the necessary costs and expenses of this trust, including their own reasonable compensation. The rest of the income (herein called Net Income) shall be paid to the beneficiaries from time to time entitled to receive the same in quarterly instalments, except as may be directed otherwise pursuant to this agreement. The Trustees shall render to each beneficiary receiving income hereunder semi-annual statements of account showing the condition of the Trust Estate.

Second: The Trustees shall pay the Net Income derived from the Trust Estate as follows:

(a) Three-fifths (⅗) to Marie Dahlgren Foster, wife of the Donor, during her lifetime:

(b) One-fifth (⅕) of the Net Income, and after the death of the Donor's wife, one-half (½) of the entire Net Income, to Ruth Foster Doornbos, daughter of the Donor, during her lifetime:

(c) One-fifth (⅕) of the Net Income, and after the death of the Donor's wife, one-half (½) of the entire Net Income to Marie Dahlgren Foster, daughter of the Donor, during her lifetime.

*       *       *       *       *       *       *

Sixth:  *  *  *

(b) This agreement and the Trust thereby created are irrevocable.

On April 10, 1935, Henry Vernon Foster signed, published and declared his last will and testament, consisting of 12 typewritten pages, the material provisions of which are as follows:

Third: I give, devise and bequeath all the rest, residue and remainder of my estate  *  *  *  to Marie Dahlgren Foster, my wife, and Washington Trust Company, a banking corporation,  *  *  *  hereinafter called the Trustees, in trust, to have and to hold the same upon the trusts and for the uses and purposes hereinafter expressed, that is to say:

*       *       *       *       *       *       *

II. The Trustees shall pay the Net Income derived from the Trust Estate as follows:

(a) Three-fifths (⅗) to Marie Dahlgren Foster, my wife, during her lifetime.

(b) One-fifth (⅕) of the Net Income, and after the death of my wife one-half (½) of the entire Net Income, to Ruth Foster Doornbos, my daughter, during her lifetime;

(c) One-fifth (⅕) of the Net Income, and after the death of my wife one-half (½) of the entire Net Income, to Marie Dahlgren Kane, my daughter, during her lifetime.

Marie Foster Kane, Marie Dahlgren Foster (mentioned in the 1932 trust), and Marie Dahlgren Kane (mentioned in the will of Henry Vernon Foster) are one and the same person and will hereinafter sometimes be referred to as petitioner's wife.

The property described in the schedule attached to the 1932 trust consisted of 92,000 shares of "B" stock of Foster Petroleum Corporation.

During the year 1945 and subsequent to July 26, 1945, petitioner's wife received from the May 6, 1932, trust $21,600 and during the same period she received from the estate of Henry Vernon Foster $4,427.10, which amounts she included in her original income tax return for 1945.

The respondent has held that the respective amounts totaling $26,027.10 constituted community income under the laws of Oklahoma and has included in petitioner's income for 1945 one-half of this amount, or $13,013.55, and determined the above mentioned deficiency accordingly.

The only question presented for our determination is whether the respective amounts totaling $26,027.10 constitute community income under the laws of the State of Oklahoma or whether these amounts were the separate income of petitioner's wife.

Whether income is community property or separate property depends upon state law. See *Poe* v. *Seaborn*, 282 U. S. 101, as to the State of Washington; *Goodell* v. *Koch*, 282 U. S. 118, as to the State of Arizona; *Hopkins* v. *Bacon*, 282 U. S. 122, as to the State of Texas; and *Bender* v. *Pfaff*, 282 U. S. 127, as to the State of Louisiana.

In 1939 Oklahoma enacted a community property law providing that spouses domiciled in that state had the option to "elect" to have their marital property governed by its provisions. In *C. C. Harmon*, 1 T. C. 40, we held that this law was to be given effect in determining Federal income tax questions. We were affirmed by the Tenth Circuit, 139 Fed. (2d) 211, but this affirmance was reversed by the Supreme Court in *Commissioner* v. *Harmon*, 323 U. S. 44, in which decision the Supreme Court, among other things, said:

In Oklahoma, prior to the passage of the community property law, the rules of the common law, as modified by statute, represented the settled policy of the State concerning the relation of husband and wife. A husband's income from earnings was his own; that from his securities was his own. The same was true of the wife's income. Prior to 1939, Oklahoma had no policy with respect to the artificial being known as a community. Nor can we say that, since that year,

the State has any new policy, for it has not adopted, as an incident of marriage, any legal community property system. The most that can be said is that the present policy of Oklahoma is to permit spouses, by contract, to alter the status which they would otherwise have under the prevailing property system in the State.

Thereafter, on April 28, 1945, the Oklahoma legislature approved H. B. No. 218, which repealed the 1939 law and adopted a new community property law containing no elective feature. This law became effective July 26, 1945, 90 days after the adjournment of the legislature.

In I. T. 3782, 1946–1 C. B. 84, the Bureau recognized the 1945 Act as establishing a community property system which, for Federal income tax purposes, satisfied the test prescribed by the Supreme Court in *Poe* v. *Seaborn, supra,* and *Commissioner* v. *Harmon, supra,* and held that a husband and wife domiciled in Oklahoma are entitled to include in their separate Federal income tax returns one-half of their community income received or accrued on and after July 26, 1945, the effective date of the 1945 Oklahoma Community Property Act. So far as we have been able to ascertain, no court, state or Federal, has passed upon the validity of the Oklahoma Act passed in 1945.

It was the purpose of the Oklahoma legislature in passing the 1945 law to set up a community property system in that state. It is a principle well established in American jurisprudence that proper respect for the legislative and executive departments of a state requires that every reasonable presumption be made in favor of the validity of a statute, and that, before an act may be declared unconstitutional or otherwise invalid, it must clearly appear that it can not be supported by any reasonable intendment. No reason appears to us why we should make any attempt to declare the Oklahoma Community Property Act invalid and we do not do so.

The complete text of the Oklahoma Act passed in 1945 is contained in Oklahoma Statutes Supplement 1945, Title 32, Husband and Wife. Sections 66, 67, and 68, which are pertinent to the question we have here to decide, are as follows:

§ 66. Separate property of husband.—All property of the husband, both real and personal, owned or claimed by him before marriage or before the effective date of this Act, whichever is later, and that acquired afterwards by gift, devise, or descent, or received as compensation for personal injuries, shall be his separate property. Laws 1945, p. 118, § 1.

§ 67. Separate property of wife.—All property of the wife, both real and personal, owned or claimed by her before marriage or before the effective date of this Act, whichever is later, and that acquired afterwards by gift, devise, or descent, or received as compensation for personal injuries, shall be her separate property. Laws 1945, p. 118, § 2.

§ 68. Community or common property.—All property acquired by either the husband or wife during marriage and after the effective date of this Act, except

that which is the separate property of either as hereinabove defined, shall be deemed the community or common property of the husband and wife, and each shall be vested with an undivided one-half interest therein; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains unless the contrary be satisfactorily proved. Laws 1945, p. 118, § 3.

Section 69 deals with the management and control of separate and community property. Section 70 is a special provision dealing with the homestead. Section 71 provides that any funds on deposit in any bank, whether in the name of the husband or wife, shall be presumed to be the separate property of the party in whose name they stand. Section 72 deals with liability for debts; section 73 with rights of creditors. Section 74 deals with conveyances and transactions between husband and wife and section 75 deals with property rights on dissolution of marriage. The remaining sections 76 to 82, inclusive, deal with such matters as incapacity of spouse, service of process, judgment, recording judgments, administration on death of one spouse, partial invalidity, and the application to persons filing election under the repealed law of 1939.

In the instant proceedings all of the income in question from the *inter vivos* trust and the testamentary trust accrued and was received after the 1945 Act became effective. We hold that such income is the community or common property of the husband and wife as the term "Community or common property" is defined in section 68, *supra*, of the 1945 Act. Cf. *Commissioner* v. *Terry*, 69 Fed. (2d) 969, affirming 26 B. T. A. 1418; *Commissioner* v. *Wilson*, 76 Fed. (2d) 766; *Gladys C. Porter*, 2 T. C. 1244; affd., 148 Fed. (2d) 566; *Commissioner* v. *Snowden*, 148 Fed. (2d) 569; and *Commissioner* v. *Sims*, 148 Fed. (2d) 574. All of the foregoing decisions dealt with the community property laws of Texas, but the Oklahoma law appears to be so similar to that of Texas in defining what is separate property and what is community property that we regard the above cited cases as very persuasive, especially in the absence of any decisions by the Oklahoma Supreme Court to the contrary.

We do not think there is any merit in petitioner's contention that such income as it accrues comes to petitioner's wife by gift or devise and as such is her separate property under the provisions of the Oklahoma Community Property Law. See *Irwin* v. *Gavit*, 268 U. S. 161. We hold, therefore, that the amounts thus received by petitioner's wife are taxable one-half to petitioner and one-half to his wife.

*Decision will be entered for the respondent.*