John and Mable Young v. Commissioner.
Young v. Commissioner
Docket No. 27611.
United States Tax Court
1952 Tax Ct. Memo LEXIS 289; 11 T.C.M. (CCH) 239; T.C.M. (RIA) 52074; March 19, 1952
*289 Upon the record, respondent is sustained in his disallowance of deductions taken by petitioner John Young as representing travel expense and meals and lodging away from home, as the home maintained by this petitioner at Muskogee, Oklahoma, was for his personal convenience and not incident to or required in his employment at other points. Commissioner v. Flowers, 326 U.S. 465. Respondent is sustained in his disallowance of the deduction taken representing cost of work clothing and laundry thereof, as such clothing was not in the nature of a uniform or of a character required by the employer. Respondent is sustained in his determination of the deficiency on the basis of a joint return, as such return, although signed only by John Young, included income taxable to himself and wife and exemption was taken thereon for both of the petitioners. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency for the calendar year 1948 in income tax of $182.98. By the petition, error is assigned on respondent's disallowance of deductions taken of $170.40 as representing travel expense, $880 as representing meals and lodging away from home, and $74 as representing the cost of work clothing and laundry thereof. Error is also assigned as to the respondent's action in computing the deficiency upon the basis of the allowance of a standard deduction instead of by the "long-form" method. The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect *291 to the proceeding, to which neither of the parties hereto has filed exceptions. Upon examination, we approve the Commissioner's findings and hereby adopt and include the same herein as our findings of fact. The return in question reported an adjusted gross income of $2,117.21 as received by petitioner John Young as wages from his employment by five employers in his work as a telephone lineman. This return was signed by petitioner John Young alone, and in response to the question thereon, "Is your wife (or husband) making a separate return for 1948?" the answer was "No." On this return an exemption was taken for both of the petitioners. For convenience, John Young will be referred to herein as petitioner. From the total income reported of $3,167.61, an adjusted gross income was arrived at of $2,117.21, by the deduction of $170.40 as travel expense and $880 as the cost of meals and lodging away from home at points at which petitioner was employed and rendered services during the year. [The Facts] The petitioners were, during the taxable year, husband and wife and residents of Muskogee, Oklahoma. The income reported by the petitioner was that received by him in employment at *292 various points away from Muskogee for work as a telephone lineman. During the taxable year the petitioner was unable to obtain employment at or in the vicinity of Muskogee and consequently located jobs at various points away from Muskogee with employers needing services such as he performed. None of these employers is shown to have been located at Muskogee or to have employed this petitioner at Muskogee or to have required his residence at that point as an incident of the services performed for them by the petitioner. [Opinion] It is apparent that the petitioner maintained his home at Muskogee, during the taxable year, not as an incident of his employment at other locations but for his own convenience. There is not the slightest indication that he was required by his employers or the necessities of his employment to maintain his home at this point. Under such conditions, the rule is clear beyond necessity for discussion that cost of travel to and from his places of employment and cost of meals and lodging while engaged in work at such places are personal expenses and not subject to deduction. The respondent is sustained in his disallowance of these deductions. Commissioner v. Flowers, 326 U.S. 465. *293 With respect to petitioner's deduction of $60 for work clothing and $14 for laundry thereof, it is noted that respondent, on brief, concedes that petitioner is entitled to deduction of so much of the $60 as is represented by the purchase of a telephone lineman's boots at a cost of $18, these being necessary to petitioner in his work and of a special character. The remaining portion of the cost of work clothing deducted by petitioner represents ordinary work clothing purchased by him at his own discretion for his convenience in his work and not in the nature of any distinctive uniform or of a character required by his employer. Such cost to petitioner, together with the cost of laundry thereof, does not represent a deduction allowable in the computation of net income. Harry A. Roberts, 10 T.C. 581, affd. 176 Fed. (2d) 221; Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). In connection with the assignment of error that respondent has determined the deficiency on the basis of a joint return, whereas the return filed was signed only by the petitioner John Young, it need only be said that the return included all of the income realized *294 by John Young and on it was taken an exemption with respect to his wife, Mable Young, who filed no separate return. One-half of the income realized by John Young represented income taxable to his wife under the Oklahoma statute. Oklahoma Laws 1945, p. 118, sec. 3; John Miller Kane, 11 T.C. 74, Louis M. and Leora R. Roth, supra.The return having included income of both husband and wife and exemptions being taken thereon for both, respondent was correct in treating it as a joint return. Walter M. Ferguson, Jr., 14 T.C. 846; Louis M. and Leora R. Roth, supra. With respect to the remaining issue, towit, the computation of the tax by allowance of the standard deduction instead of the long-form method of computation, it need only be said that the disallowance by the respondent of deductions taken by petitioner John Young, in which disallowance respondent has been sustained by our opinion herein, reduced the amount of the allowable deductions to less $500than, upon which basis the computation by the allowance of a standard deduction was manifestly to the interest of petitioners. It is consequently assumed that, under these conditions, *295 petitioners are not pressing this assignment of error. Decision will be entered under Rule 50.