Jack and Katherine Ward v. Commissioner. Jack Ward v. Commissioner.
Ward v. Commissioner
Docket Nos. 26687, 27164.
United States Tax Court
1952 Tax Ct. Memo LEXIS 266; 11 T.C.M. (CCH) 340; T.C.M. (RIA) 52099; April 7, 1952
*266 Petitioner Jack Ward, for the calendar year 1947, computed tax on his income under Supplement T, section 400, Internal Revenue Code, and is held not entitled to deduction from gross income, in arriving at adjusted gross income, of amounts claimed as the cost of work clothing and laundry, union dues and business gifts. For the calendar year 1948, the petitioners are held not entitled to the deduction of Oklahoma cigarette tax, a sewer service charge, repairs to their personal watches, and cost of a telephone. Respondent is sustained in his computation of the tax for the calendar year 1948 on the basis of a joint return. Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: These two proceedings were consolidated *267 for purposes of hearing and decision. In Docket No. 27164, respondent has determined a deficiency in income tax against the petitioner Jack Ward in the sum of $37 for the calendar year 1947. In Docket No. 26687, respondent has determined a deficiency against the petitioners Jack and Katherine Ward of $37.20 in income tax for the calendar year 1948. In this docket the respondent has, by amendment to his answer, asked an increase in the determined deficiency of $37.20 to $120.11. The proceedings were heard at Muskogee, Oklahoma, on May 8, 1951, before Henry C. Stockell, who was designated as a Commissioner of the Court pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The report of the Commissioner finds that under Docket No. 27164 for the year 1947, and under Docket No. 26687 for the year 1948, the respondent has disallowed items deducted representing union dues for each year in the sum of $36. It is noted that the record discloses that although the two items are similar in character, the disallowance by the respondent was only for the deduction taken under Docket No. 27164 for the year 1947. This *268 was due to the fact that in that year the petitioner Jack Ward elected to compute the tax upon the basis of adjusted gross income and the use of the table under Supplement T, section 400, Internal Revenue Code, the disallowance being upon the ground that such a deduction was not allowable in computing adjusted gross income under section 22 (n), Internal Revenue Code. However, for the year 1948 the similar deduction was allowed by reason of the fact that the petitioner computed income by use of the long form, the item being taken as one of the itemized deductions and allowed as such. With this one correction, the report of the Commissioner is approved and hereby adopted and included by reference as our findings of fact. The facts with respect to each of the two dockets and the decision thereunder will be set out separately. Docket No. 27164 The petitioner Jack Ward, for the calendar year 1947, filed a separate return with the collector of internal revenue for the district of Oklahoma, reporting gross income of $3,069.61, and arriving at adjusted gross income of $2,856.71 by the deduction of $212.90, representing the alleged cost of work *269 clothing and laundry thereof of $174.90, union dues $36, and Christmas gifts made for business reasons, $2. He elected to compute his tax by the use of the table of Supplement T, section 400, Internal Revenue Code. In determining the deficiency, the respondent disallowed the entire amount of the deductions taken in the sum of $212.90. Petitioner, having elected to compute his tax under Supplement T, on the basis of adjusted gross income, which election is irrevocable, Raymond E. Kershner, 14 T.C. 168, is only entitled to such deductions as are specified in section 22 (n), Internal Revenue Code. The only deductions permitted him under this section as an employee are expenses of travel, board and lodging while away from home and expenses incurred under an arrangement for reimbursement thereof by his employer. None of the deductions taken by petitioner are of such character, and the action of the respondent in their disallowance is approved. Docket No. 26687 The petitioners, Jack and Katherine Ward, are husband and wife and residents of Muskogee, Oklahoma. For the calendar year 1948 they filed separate, individual income *270 tax returns with the collector of internal revenue for the district of Oklahoma. The return filed by the petitioner Katherine Ward carried a statement on the face thereof that such form was submitted in support of a claim for refund of a tax previously paid and was not a return of income. It showed gross wages received by her in the calendar year 1948 in the sum of $473.75, with income tax withheld from such wages in the amount of $71.40, showed no income tax due, and requested refund in the amount of $71.40. The income tax return filed by petitioner Jack Ward claimed three exemptions, for himself, his wife and son. The income reported included none of the income received by his wife. On this return he reported gross wages earned by him in the amount of $3,512.97. On a schedule attached to the return he itemized certain deductions totaling $659.40, as follows: Contributions: Central Baptist Church
$ 30.00
Red Cross
5.00
Community Chest
2.00
Salvation Army
5.00
Boy Scouts
1.00
March of Dimes
1.00
Christmas Seals
2.00
$ 46.00
Interest: First Natl. Bank
61.00
Central Furniture
40.00
Life Insurance Loan American
National
12.60
113.60
Taxes: Sales Taxes
55.00
Cigarette State Taxes
73.00
Automobile License Tax
5.50
Automobile Operators License
Tax
1.00
Gasoline Taxes (State) 780
gal. at 5 1/2"
42.00
City General Sewer Revenue
Tax
6.00
182.50
Losses: Loss of billfold; Left billfold
valued 12.00 containing 5.00
in telephone booth stolen.
Reported to police not re-
covered
17.00
Breakage of watch: Wife: Dropped watch on floor at
Star Printery
6.00
Husband: Struck arm and
watch against desk at tele-
phone office while at work.
Repairs
3.50
26.50
Medical: Medicines
65.00
Dr. Matthews
25.00
Dr. Bernice Daniels
40.00
Thermometer
2.00
Vitamins
16.00
Hygenic Supplies
15.00
Dental Supplies
12.84
Hospitalization Ins. Prem.
26.40
202.24
Less 5% X 3512.97
175.65
26.59
Miscellaneous: Ordinary and
necessary expenses in con-
nection with employment
(not reimbursed)
Depreciation tools and equip-
ment
73.33
Special work clothes (used
specifically in conducting
my trade not for general
social wear)
74.00
Laundry of work clothes 52
wks. at 1.00
52.00
Union Dues
36.00
Telephone (business)
23.88
Accountants fees
5.00
264.21
Total itemized deductions
$659.40
*271 In determining the deficiency, the respondent allowed the listed deductions representing contributions, interest and medical expenses, but disallowed the items of state cigarette tax, $73; sewer tax, $6; losses of $6 and $3.50 for breakage of watches of petitioner and his wife; cost of special work clothing, $74; laundry of the same, $52; and telephone costs of $23.88. Error is assigned by the petitioners upon these disallowances by respondent and upon his action in computing the tax on the basis of a joint return. During the calendar year 1948 petitioner Jack Ward was a central office repair man in the employ of Southwestern Bell Telephone Co., at Muskogee, Oklahoma. During that year these two petitioners purchased cigarettes in the State of Oklahoma upon which Oklahoma cigarette tax had been paid in the amount of $54.75, as evidenced by cigarette stamps affixed to the packages of cigarettes prior to their purchase by petitioners. The action of the respondent in disallowing deduction of this tax, under the circumstances here shown, is approved. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). The petitioner Jack Ward, during the calendar year 1948, paid *272 $6 sewer charge under Ordinance No. 1633 of the City of Muskogee, Oklahoma. The deduction of this expenditure was made on the ground that it represented a tax. This charge is a sewer service charge and is not a tax, and respondent is sustained upon his disallowance thereof. Louis M. and Leora R. Roth, supra.
Petitioner Jack Ward, on his return for 1948, deducted $6 for repairs to a watch belonging to his wife and $3.50 for repairs to his own watch, stated on the return to have been broken during the course of his work when it fell from his pocket to the floor. No evidence was introduced at the hearing as to the item claimed for the breakage of the watch of petitioner Katherine Ward. The deduction of the alleged cost of repair of these watches was claimed on the return as a casualty loss but it manifestly does not come within this classification, as the damage did not occur by reason of an accident falling in the general category of storm, fire or shipwreck, within section 23 (e) (3) of the Code. Williard I. and Agnes B. Thompson, 15 T.C. 609, reversed on other grounds, 193 Fed. (2d) 586. Nor can the loss be allowed under the category of business *273 expense, as there is no evidence that either of the petitioners was required by their employers or by the necessities of their employment to be equipped with a watch. Respondent is sustained on his disallowance of these deductions. During the calendar year 1948 the petitioner Jack Ward maintained a telephone in his home which was used for the personal convenience of himself and family and also at times for matters in connection with his employment. This telephone was installed for the reason that this petitioner desired a telephone for his personal use and was also directed by his employer to install one. The telephone company by which he was employed granted him a rate for service on this telephone below that charged the public. This discount was for the purpose of compensating him for such business as was represented in the use of the telephone by the petitioner in connection with his employment. Upon these facts, it appears clear that the actual expense borne by the petitioner with respect to this telephone was personal in character and represented the use made of it by him or members of his family in matters not affecting his employment. Respondent's action on this item is approved. *274 Upon the record, we hold that respondent did not err in computing the deficiency upon the basis of a joint return of the two petitioners. The petitioners, during the calendar year 1948, were residents of Oklahoma, and each was vested with an undivided one-half interest in the earnings of the other under Oklahoma Laws, 1945, page 118, section 3. Each spouse was required to report one-half of the income of the other if separate returns were filed. John Miller Kane, 11 T.C. 74. Here the so-called separate return filed by petitioner Jack Ward included none of the income received by his wife and did include income received which, under Oklahoma statute, was taxable to the wife. Not only was this the case, but the so-called separate return filed by this petitioner included his wife as one of those with respect to whom he claimed an exemption, this being permitted under the statute only in the case of a joint return or a separate return by the husband where the wife had realized no income. The method used by these petitioners whereby a separate return was filed by the husband and a so-called claim for refund by the wife, is patently a device for securing for each of them the *275 benefits of a joint return and securing an exemption from tax upon the income earned by the wife, although they were not entitled to such exemption. The situation is the same as that presented in Louis M. and Leora R. Roth, supra. the computation of the deficiency on the basis of a joint return was correct. It is noted that the petitioners have also assigned as error the action of respondent in computing the tax under the provisions of Supplement T, section 400, Internal Revenue Code, instead of on the long-form basis, using the allowable itemized deductions. This action was taken by the respondent due to the fact that the disallowance of certain of the claimed deductions, which disallowance has been sustained in the foregoing opinion, reduced the total of allowable deductions to an amount in which it was to the interest of the petitioners to compute the tax on the basis of the table of Supplement T, as the tax thus computed is less than the amount computed on the other basis. Respondent was not required to make the computation on the basis of Supplement T and allow this benefit to the petitioners, Raymond E. Kershner, supra, but did *276 so, and has not asked an increase in the amount of the deficiency on the basis of the method of computation. Under these circumstances, it is assumed that the petitioners do not press this issue. In Docket No. 27164 decision will be entered for the respondent. In Docket No. 26687 decision will be entered under Rule 50.