A. D. and Nelda M. Crews v. Commissioner.
Crews v. Commissioner
Docket No. 30248.
United States Tax Court
1952 Tax Ct. Memo LEXIS 208; 11 T.C.M. (CCH) 511; T.C.M. (RIA) 52153; May 23, 1952
*208 Upon the record respondent is sustained in his disallowance of certain deductions taken by the petitioners as representing Oklahoma cigarette and tobacco taxes, sewer taxes, cost of work clothing and dry cleaning, entertainment expense, safe deposit box rental, loss through forfeit of deposit, and cost of meals and lodging away from home. Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax of $294.50 for the calendar year 1948. Error is assigned on respondent's disallowance of deductions taken by the petitioners on the return as representing (a) travel expense, (b) state cigarette and tobacco tax, (c) sewer tax, (d) cost of work clothing and laundry thereof, (e) entertainment expense, (f) rental of safe deposit box, and (g) a loss of deposit made in a contemplated loan transaction. The proceeding was heard at Muskogee, Oklahoma, on May 11, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose, pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code *209 . The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. Neither of the parties hereto has filed exceptions to these findings. Upon examination, we approve such findings and hereby adopt and include them by reference in our findings of fact. The facts with respect to each question at issue and the opinion thereon are set out separately. Petitioners are husband and wife and residents of Muskogee, Oklahoma. They filed a joint Federal income tax return for the year ended December 31, 1948, with the collector of internal revenue for the district of Oklahoma. This return reported gross income, all earned by petitioner A. D. Crews, of $6,230.96, representing salary of $4,975.21 plus an expense allowance paid him by his employer in the sum of $1,255.75. On this return an adjusted gross income was arrived at of $3,610.98 by the deduction of certain items designated as ordinary and necessary expenses as an employee. These expenses were stated as automobile expenses of $939.98 and meals and lodging away from home of $1,680. From the adjusted gross income so arrived at, petitioners deducted certain so-called itemized personal deductions in a *210 total of $948.92, representing contributions, taxes, losses, medical expenses and miscellaneous ordinary and necessary expenses. Net income was arrived at in the sum of $2,662.06. Four exemptions were claimed and a tax computed of $43.50, and upon the basis of a withholding of tax by the employer of petitioner A. D. Crews of $400.60 an overpayment was reported of $357.10. Upon the audit of the return respondent disallowed from the amount of deductions taken by petitioners: Cigarette state taxes
$ 34.55
Tobacco state taxes
13.85
Sewer tax
6.00
Work clothing and dry cleaning
42.00
Entertainment expense
208.00
Safe deposit box rental
12.30
Option deposit forfeited
25.00
Travel, meals and lodging away from
home
1,364.23 The last mentioned disallowance of $1,364.23 represents the excess of the total deductions taken by petitioners of $2,619.98 over the sum of $1,255.75 expense allowance paid petitioner A. D. Crews by his employer. Travel, Meals and Lodging Petitioner A. D. Crews, hereinafter referred to as petitioner, during the calendar year 1948 was employed by Western Electric Co. as a supervisor in charge of a crew installing telephone equipment. *211 His headquarters were in Muskogee, where he lived. He worked under the general direction of the district supervisor of Western Electric Co. and was sent out from Muskogee on various jobs at other points. On such assignments petitioner was paid by his employer an allowance of $4.25 per day plus cost of transportation from Muskogee to the job and return. In the taxable year in his work at various points in the State of Oklahoma, it was his custom to return home practically every weekend to see his family. In some instances on these trips he picked up additional equipment kept at Muskogee which he needed in his work. It was his custom to use for transportation to and from his assignments his own automobile. On the return filed deduction was taken in the sum of $939.98 as representing automobile expenses and consisting of items designated as depreciation, repairs, gas and oil, license tag, insurance, tires and tubes, wash and grease, and storage expense. There was also deducted the sum of $1,680 as representing the cost of meals and lodging away from home at $35 per week for 48 weeks. In determining the deficiency the respondent has disallowed, of the total of $2,619.98 representing *212 these two deductions, $1,364.23 which is the excess claimed over the expense allowance of $1,255.75 paid to petitioner by his employer. Petitioner appears to have kept no record whatsoever of his expenditures and the deductions taken by him are estimates. The basis used by him in estimating expenditures is anything but satisfactory. He testified that he was accustomed, when going out on a trip, to take $35 plus the expense allowance paid him for the week by his employer. At the end of the week he would estimate, by the amount of funds remaining in his pocket, what it had cost him individually over and above the amount of expense allowance from his employer. Upon this basis he estimated that his expenditures amounted to $5 a day for board and lodging. In view of the fact that petitioner was spending from funds in his pocket amounts for car expenditures and also entertainment expense for himself and men working under him, the deduction of which he also asks is an estimated amount, his estimate of what he actually expended carries little weight. It is also noted that although he claims expenditures of $5 for each day of 48 weeks during the calendar year, the payment of $1,255.75 to *213 him by his employer to cover his expense allowance of $4.25 per day indicates that during the year he only worked away from home a total of 295 days. Also, as petitioner testified that he spent almost every weekend at home, it is difficult to see how his expenditures could have been the amount claimed by him. This petitioner has also deducted $939.98 as automobile expenses, including depreciation and repairs. The total claimed by him to have been expended for the maintenance of his car during the year was $1,105.86, which he allocates as 85 per cent business use and 15 per cent personal use. There is no evidence that petitioner was required by his employer to maintain a car at his own expense as an incident of his employment, and the use of his car by this petitioner appears to have been for his own personal convenience in performing his duties. It will be noted that in addition to his per diem allowance his employer reimbursed him for the cost of travel to and from his various places of employment. The itemized automobile expenses making up the total claimed indicate little regard for care and accuracy. Included is $10.63 for license tag, which he also claims and has been allowed *214 under a deduction taken on his return for taxes. Depreciation is given as $366.66 on a 1941 Chevrolet car, the amount being calculated on the basis of a value of $1,100 instead of the correct basis of cost. Another item of this total is $353.57 as the cost of gas and oil, yet on another schedule attached to the return setting out his deduction for taxes he takes credit for state gasoline taxes paid on 179 gallons of gasoline bought during the year. We have considered carefully the petitioner's testimony and the items making up the deduction, and think that the action by respondent in his disallowance of claimed expenditures in excess of the amount of the expense allowance paid petitioner by his employer is justified. This petitioner was in receipt of a substantial income which he contends was in large measure being spent for items entitling him to deduction upon his income tax return. Under such circumstances it is reasonable to expect that he maintain a record of expenditures sufficient for verification by the respondent. It is unreasonable to ask that his tax liability to his Government be computed upon the basis of a vague recollection or uncertain estimate by him in the following *215 year. The respondent is sustained in his action in allowing only the amount of $1,255.75 as representing cost of meals and lodging and automobile travel expense. Work Clothing and Laundry Petitioner, during the taxable year, purchased a "weather coat", heavy underwear, socks and overshoes, because of cold weather, which cost, together with dry cleaning, the sum of $42. Respondent was disallowed the deduction of this item and his action is approved. This clothing was purchased by the petitioner for his own convenience and not because of any requirement on the part of his employer, and its cost does not constitute a deduction for income tax purposes. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952); Harry A. Roberts, 10 T.C. 581, affirmed 176 Fed. (2d) 221. Entertainment and Gifts Petitioner testified that in his work of supervising a group of employees it was his custom to personally entertain them and buy them gifts. He kept no record or memoranda showing the amount of these expenditures, but estimated that they cost him $4 a week. He makes claim for this amount for 52 weeks in the year, or a total of $208. The men with respect *216 to whom these expenditures were made were not employees of this petitioner but of his employer. The latter did not require petitioner to make these expenditures or reimburse him for them. If this petitioner did in fact expend the amount claimed in entertaining the men in his work crew, it was a personal matter and its cost does not represent a deductible expense. Respondent is sustained in his disallowance of this deduction. Cigarette and Tobacco Taxes Petitioners have deducted $48.40 as Oklahoma State cigarette and tobacco taxes paid by the vendor with respect to cigarettes and cigars prior to their purchase by petitioners and evidenced by stamps affixed to the containers. Such taxes are not deductible by the petitioners. Louis M. and Leora R. Roth, supra.Respondent is sustained in his disallowance of this item. Sewer Tax Petitioners paid, during the taxable year, $6 which they designated as a "sewer tax". The nature of this charge is not revealed by the record, but petitioners' counsel on brief refers to it as a charge of 50 cents per month by the City of Muskogee, and it is assumed that it is the sewer service charge under Ordinance No. 1633 of the City *217 of Muskogee which was involved in the case of Louis M. and Leora R. Roth, supra. If it is such a charge it is not allowable as it does not constitute a tax, as was held in the cited case. In any event it could not be allowed in view of the fact that there is no evidence showing it to be a tax of the character subject to deduction. Safe Deposit Box Rental Petitioner A. D. Crews paid $12.30 rental for a safe deposit box for the taxable year. Petitioner kept no personal belongings or personal papers in the box but testified that he used it to keep certain papers of his employer, the Western Electric Co. Petitioner was not required by the Company to maintain this deposit box and the nature of the papers of the employer so kept is not revealed. Under these facts it is held that the expenditure was personal in character and there is no necessity for the expense as an incident of his employment established by the record. Forfeited Deposit During the taxable year the petitioners had an appraisal made preliminary to obtaining a loan. For this appraisal a deposit of $25 was required, which was made by the petitioners and forfeited by them when it was decided not to secure *218 the loan. The nature of the transaction for which this loan was contemplated is not revealed by the record. This expenditure is deducted as a loss but it is not shown that the transaction was one entered into for profit and for all we are advised the loan was one for purely personal purposes. Under these conditions the deduction of this forfeited deposit is not allowable and its disallowance by respondent is approved. In determining the deficiency respondent has reduced the deduction taken by petitioners for medical expenses. This has not been done by a disallowance of any item of such expenses but arises solely through the adjustment of net income by disallowance of other items of deduction. Decision will be entered for the respondent.