LOUIS M. AND LEORA R. ROTH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26112.   Promulgated March 7, 1952.

*Malcom E. Rosser, Esq.*, for the petitioners.
*John P. Higgins, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* Respondent has determined a deficiency in the sum of $22.72 for the calendar year 1948. At the hearing respondent moved to increase the deficiency due to an error in calculation. By the petition, error is assigned upon (a) respondent's action in determining the deficiency upon the basis of a joint return, and his disallowance of deductions as follows: (b) cigarette tax, $60; (c) sewer tax, $6; (d) telephone, $16.80; (e) work clothing and laundry, $112.65; (f) medical expense adjustment, $16.49.

The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. Neither of the parties hereto has filed exceptions to those findings. Upon examination, we therefore approve them and hereby adopt and include the same herein by reference as our findings of fact. The facts with respect to each question at issue and the opinion thereon are set out separately.

*Issue (a).  Deficiency Determined on Basis of Joint Return.*

*Facts.*

The petitioners are husband and wife and, during the taxable year, were residents of Muskogee, Oklahoma.  For that year petitioner Louis M. Roth filed an income tax return on Form 1040 with the collector of internal revenue for the district of Oklahoma, reporting thereon a gross income of $3,862.20.  This sum was the total wages he received from the M. K. & T. Railroad as a railway fireman.  This return was signed by this petitioner alone.  From the gross income thus reported, itemized expenditures in a total of $671.74 were deducted.  Three exemptions, in the amount of $600 each, were claimed upon this return, for petitioner Louis M. Roth, his wife, Leora R. Roth, and his minor son.  In answer to the question on Form 1040, as filed, "Is your wife or husband making a separate return for 1948?" the answer was given, "No—CLAIM FOR REFUND OF WITHHOLDING."  This return carried the date February 11, 1949, as that of its execution.

For the year 1948 petitioner Leora Ruth Roth filed with the collector of internal revenue for the district of Oklahoma a Form 1040, reporting gross income in the sum of $329.75 from her employment by the Corning Glass Works of Muskogee, Oklahoma.  On this form the amount of $55.88 was set out as income tax withheld by this petitioner's employer, and was entered as an overpayment and refund requested.  Upon the face of this form was typed the following statement, "Form 1040 is submitted herewith to support claim for refund THIS IS NOT A RETURN."  This Form 1040 carried the signature of Leora Ruth Roth, the date of its execution being given as February 11, 1949, the same date carried upon the return signed by her husband, petitioner Louis M. Roth.  On both the return signed by Louis M. Roth and the Form 1040 signed by Leora Ruth Roth, all of the statements and figures are typed, as is the schedule of itemized deductions attached thereto.

In determining the deficiency the respondent has consolidated the income of the two petitioners as husband and wife and has computed the tax and the resulting deficiency on the basis of a joint return.

*Opinion.*

The petitioners are husband and wife and residents of the State of Oklahoma.  Oklahoma Laws 1945, p. 118, section 3, provide that each spouse is vested with an undivided one-half interest in the earnings of the other.  In *John Miller Kane,* 11 T. C. 74, we considered that statute and held that it was effective for income tax purposes and required each spouse to return one-half of the income of the other

in the event of the filing of a separate return. Here the so called separate return filed by petitioner Louis M. Roth included none of the income received by his wife, and did include income he received which, under the cited Oklahoma statute, was taxable to the wife. The cited Oklahoma Statute of 1945 was repealed by the Oklahoma Community Property Act of 1949, but was still in effect during the year 1948 here involved.

Under section 25 (b) (1) (A), Internal Revenue Code,[1] the $600 exemption allowed to each spouse could not be taken upon the return of petitioner Louis M. Roth unless the same was a joint return and included the separate income of $329.75 reported by the wife on her claim for refund. The method used by both petitioners, whereby a purported separate return was filed by the husband and a mere claim for refund by the wife, is patently a device for securing for each of them the benefit of a joint return and exemption from tax upon the income earned by the wife.

Under the cited Oklahoma statute, the taxable income of the wife exceeded $600. Either a joint return or separate returns were required. The respondent has proposed no penalty against petitioner Leora R. Roth for failure to file a return. This he might have done under the law. Instead, he has treated the return of the husband as in fact a joint return and has computed the tax upon that basis, which is manifestly in the interest of both petitioners. Under the circumstances, we hold the action of respondent to be correct. *Walter M. Ferguson, Jr.*, 14 T. C. 846; *Joseph Carrero*, 29 B. T. A. 646.

### Issue (b). Oklahoma Cigarette Tax.

### Facts.

During the taxable year petitioner Louis M. Roth purchased cigarettes in the State of Oklahoma upon which $60 in state cigarette tax had been paid as evidenced by revenue stamps attached to each package of cigarettes. This amount was claimed as a deduction by petitioner Louis M. Roth upon his return and disallowed by respondent.

### Opinion.

In *Williard I. Thompson*, 15 T. C. 609, upon identical facts, we held that the Oklahoma cigarette tax in question was deductible under

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

  \*    \*    \*    \*    \*    \*    \*

  (b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.

    (1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against the net income:

      (A) An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer;

section 23 (c) (3) of the Internal Revenue Code.[2]  We held that the amount of such tax was deductible as such by the consumer, as the affixing of a revenue stamp to the package was sufficient to meet the requirement of the cited section that the tax be stated in amount. Our decision upon this question was reversed by the United States Court of Appeals for the Tenth Circuit on December 31, 1951, *Commissioner* v. *Williard I. and Agnes B. Thompson*, 193 F. 2d 586. In its opinion the Court of Appeals calls attention to the fact that section 23 (c) (3) of the Code permits deduction only in case of a sales tax, whereas the Oklahoma cigarette tax is denoted in the section imposing the tax as a stamp excise tax.  That court held the tax manifestly an excise tax, since the tax is not imposed upon the sale but upon the possession for sale of cigarettes in the State of Oklahoma. The sale of the cigarettes is not the act upon which the tax is imposed. The court, in its opinion, notes that the Supreme Court of Oklahoma has never considered the question as to whether or not the cigarette tax is a sales tax or an excise tax.  Accordingly, since the act imposing the tax denotes it an excise tax, it must, for income tax purposes, be so considered, the burden being upon the taxpayer, as the consumer, to establish his right to the deduction or, in other words, that the tax is in fact a sales tax.  The court further points out that under the facts, which are the same in the case before us, the tax in question, even were it a sales tax, would not be deductible by the taxpayer for the reason that under section 23 (c) (3), *supra*, the purchaser would have to establish the fact that the tax was in fact paid by the retailer from whom he purchased the cigarettes and not by the wholesaler from whom the retailer purchased them or by the manufacturer or jobber.  The court cites the provisions of the Oklahoma statute in which this tax is levied upon the party, either manufacturer, jobber,

---

[2] Section 23 (c) (3) of the Internal Revenue Code, as applicable to the year here in question, is an amendment made by section 122 of the Revenue Act of 1942, the amendment by P. L. 29, 82nd Congress, being effective only to years beginning after December 31, 1950. The amendment does not change the section of the Code in any respect applicable to the question here involved, as it merely includes sale of gasoline.  Section 122, Revenue Act of 1942, provides:

SEC. 122. DEDUCTION ALLOWABLE TO PURCHASERS FOR STATE AND LOCAL RETAIL SALES TAXES.

Section 23 (c) (relating to deduction for taxes) is amended by inserting at the end thereof the following new paragraph:

"(3) RETAIL SALES TAX.—In the case of a tax imposed by any State, Territory, District, or possession of the United States, or any political subdivision thereof, upon persons engaged in selling tangible personal property at retail, which is measured by the gross sales price or the gross receipts from the sale or which is a stated sum per unit of such property sold, or upon persons engaged in furnishing services at retail, which is measured by the gross receipts for furnishing such services, if the amount of such tax is separately stated, then to the extent that the amount so stated is paid by the purchaser (otherwise than in connection with the purchaser's trade or business) to such person such amount shall be allowed as a deduction in computing the net income of such purchaser as if such amount constituted a tax imposed upon and paid by such purchaser."

wholesaler, or retailer who comes into possession of unstamped cigarettes in Oklahoma. Such person is required by the act, within 72 hours following the date upon which the cigarettes come into his possession, to procure and affix the revenue stamps required.

We therefore conclude that the Court of Appeals was right in reversing us in the *Thompson* case, *supra*. Our opinion in *Williard I. Thompson*, 15 T. C. 609, in so far as it pertains to Oklahoma cigarette tax, will no longer be followed. Respondent is affirmed on this issue.

### Issue (c). Sewer Tax.

### Facts.

Respondent, in determining the deficiency, disallowed a deduction of $6 by petitioner Louis M. Roth as the payment of a sewer tax. It appears that this charge is popularly so designated in the community, and represents a charge made under Ordinance No. 1633 of the City of Muskogee, Oklahoma, which provides for the establishment of "a schedule or a system of fees and charges for the use of the Sanitary Sewer System of the City of Muskogee, as follows: For each dwelling, or public building, fifty cents (.50) per month."

### Opinion.

The city ordinance under which the charge was made designates the charge as a service charge. It is collected as an item on the water bill rendered the occupant of the premises by the city water department. The question of the nature of the charge under this ordinance was considered by the Supreme Court of Oklahoma in *Sharp* v. *Hall*, 198 Okla. 678, 181 P. 2d 972. That court held that the charge was not a tax but in the nature of a service charge. The respondent is affirmed on this issue.

### Issue (d). Cost of Telephone.

### Facts.

During the taxable year petitioner Louis M. Roth installed and maintained a telephone in his private residence at a cost of $16.80. Petitioner is a railway fireman. In his employment he does not go out on regular runs set for stated dates or hours, but reports for service when needed. Under the rules of his employing company, if petitioner resides within 12 blocks of the roundhouse the company will send a messenger calling upon him to report. If his residence is outside of this zone the company sends a taxicab to his home and he is required to pay the charge. If, however, he installs a telephone he will be called by that means. This petitioner, living outside of the 12-block zone, installed a telephone at the suggestion of his superiors to avoid the expense of calls made by taxicab.

*Opinion.*

It is indicated from the testimony that the only reason impelling petitioner to install this telephone was for the purpose of receiving calls for the performance of service by him. There is no evidence that the telephone was used for the personal convenience of petitioner or his family. Under these particular circumstances, we think that the cost in question is so closely and directly related to petitioner's earning of income and reasonably necessary in the course of his employment as to qualify as a deductible expense. We hold that petitioner is entitled to this deduction.

*Issue (e). Work Clothing and Laundry.*

*Facts.*

Petitioner Louis M. Roth claims a deduction of $112.65 as the cost of work clothing, $60.65 and laundry thereon, $52. Included in the items so purchased were three pairs of work gloves at $1.20 a pair, which the record shows were necessary to petitioner in the handling of hot steam pipes and valves. These gloves were not articles which were purchased to save wear and tear on other clothing. Upon brief, respondent concedes that the deduction of the cost of these gloves is allowable. The balance of the articles the cost of which is questioned are ordinary work clothing not in the nature of a uniform and not of a type required by petitioner's employer. They are clothing selected by him at his discretion, for his convenience in his work and to save wear and tear on better and more expensive clothing.

*Opinion.*

The costs of such clothing and the laundry thereof do not constitute a deductible expense, and respondent's action in disallowance of the cost is sustained. *Harry A. Roberts*, 10 T. C. 581, affd. 176 F. 2d 221.

*Issue (f). Medical Expense Adjustment.*

Respondent does not appear to have disallowed any item of medical expense claimed by petitioner Louis M. Roth as the basis for deduction. The adjustment in question arises solely through the increase in income occasioned by respondent's disallowance of other deductions. In the recomputation the amount of the deduction for medical expense will be computed upon income as determined under Rule 50.

Reviewed by the Court.

*Decision will be entered under Rule 50.*