D. D. and Dora Mae Lanier v. Commissioner.
Lanier v. Commissioner
Docket No. 30294.
United States Tax Court
1952 Tax Ct. Memo LEXIS 239; 11 T.C.M. (CCH) 439; T.C.M. (RIA) 52125; May 2, 1952
*239 On the record, petitioners held not entitled to the deductions taken of the cost of telephone, Odd Fellows Lodge dues and assessments, Oklahoma cigarette tax and sewer service charge. Further held, that petitioners are not entitled to the entire deductions made for cost of work clothing and laundry thereof and sales taxes, and the amount allowable of such deductions determined. Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined an income tax deficiency against the petitioners for the taxable year 1947 in the sum of $68.07. The deficiency arises through respondent's disallowance of deductions, as follows: Work clothes and laundry
$161.43
Telephone
39.00
Odd Fellows Lodge
33.00
Interest
30.00
Taxes
32.50
Sales taxes
15.00
Cigarette tax
26.00
Sewer tax
6.00
Medical adjustment
15.29 The foregoing disallowances are assigned as error in the petitioner but on brief the petitioners concede the correctness of the disallowance of the items of interest, $30, and taxes $32.50, as being duplications, such items having been included in *240 the total of other deductions allowed by respondent. The proceeding was heard at Muskogee, Oklahoma, on May 11, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding and neither of the parties hereto has filed exceptions to such findings. Upon examination, we approve the Commissioner's findings and hereby adopt and include them herein as our findings of fact. The petitioners are husband and wife and residents of Muskogee, Oklahoma. For the calendar year 1947 they filed a joint return with the collector of internal revenue for the district of Oklahoma. During the taxable year petitioner, D. D. Lanier, was employed as a car repairman by the Midland Valley Railroad at Muskogee, Oklahoma. In his work he wore the customary overalls and jumpers worn by individuals doing the character of work performed by him. On the return filed he deducted a total of $161.43, as representing the cost of work clothing and laundry thereof, *241 as follows: 8 pr. overalls & jumpers at $5.60
$44.80
6 shop caps at 50"
3.00
4 sweat shirts at $1
4.00
6 pr. wool work sox at $1.98
11.88
1 raincoat (slicker)
12.00
1 pr. overshoes
3.25
1 pr. rubber boots
5.00
2 pr. high top shoes at $9
18.00
6 pr. leather palm gloves at $1.25
7.50
Laundry of work clothes at $1 wk.
52.00 Of the items set out above, we find that the 6 shop caps at a total of $3, 2 pairs high top shoes, $18, and 6 pairs leather palm gloves, $7.50, represent items reasonably necessary to him in the performance of his duties and specifically adapted thereto and not of a character which replaced other clothing. Respondent, on brief, concedes that the cost of these items is allowable. The remaining items of the total of $161.43 represent clothing purchased by him at his own discretion for his use and convenience in performing his work. They were of no particular style required by his employer and were not in the nature of a uniform. Their cost is not the subject of a deduction nor is the cost of their laundering in the sum of $52. With the exception of the three items conceded by the respondent, his disallowance is sustained. The petitioners *242 maintained, during the taxable year, at a cost of $39, a telephone at their residence. This telephone was used by the petitioners and members of their family for personal calls and occasionally was used by the employer of petitioner D. D. Lanier to call him to work in cases of emergency, such as a train wreck. There is no showing that this petitioner, as a condition of his employment, was required by his employer to install a telephone. There appears to be no doubt that the fact this petitioner had a telephone was a matter of convenience to the employer on the infrequent occasions on which he was called for emergency duty, but such calls appear to have been very few in number and there is no basis on which an allocation could be made between personal and business use of the telephone. The testimony indicates that the installation of the telephone was for personal use and such business use as was made of it was purely incidental. Under such conditions, the action of respondent in disallowing its cost as a deduction is sustained. The petitioner D. D. Lanier was, during the taxable year, a member of the Odd Fellows Lodge, and during that year paid to such lodge $33 as dues and assessments. *243 The petitioners have deducted on their return this payment on the ground that some portion thereof went to the maintenance of an Odd Fellows Home and consequently the deduction should classify as charitable in character. With this we do not agree. Petitioner's membership in the Odd Fellows Lodge was voluntary and the payments in question for the cost of such membership was a personal expense. Respondent is sustained in his disallowance. Petitioners, during the taxable year, purchased cigarettes in Oklahoma on which cigarette tax of $26 had been paid prior to their purchase by petitioners, as was evidenced by cigarette stamps attached to each package of cigarettes. In Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952), we held that the deduction, under such circumstances, of the amount of the tax paid by the vendor is not deductible by the taxpayers as the consumers. Respondent is sustained in his disallowance of this deduction. Petitioners, during the taxable year, paid Oklahoma sales taxes on certain purchases by them. No record of the amount of tax paid was kept nor any record of the amount of expenditures for articles subject to the sales tax. Petitioners *244 have deducted $45.46 as an estimate by them that only $760 of their income was expended for items not requiring the payment of the sales tax, and that the remaining $2,271 was all expended for items upon which the sales tax had been paid. Upon this basis they have deducted two per cent on the amount of $2,271. The schedules attached to petitioners' return, setting out expenditures as the basis for certain deductions asked, representing contributions, interest, taxes and medical expenses, reveal expenditures for purposes not involving the payment of sales tax in an amount far in excess of the amount of $760 used by petitioners in the estimate made. Respondent has allowed $30.60 as a deduction for sales tax and petitioners' estimate having been shown to be erroneous and there being no evidence tending to show that petitioners are entitled to any amount in excess of that allowed by respondent, the latter's action is approved. The petitioners paid in the taxable year a sewer service fee in the sum of $6, under Ordinance No. 1633 of the City of Muskogee. They deducted this amount as a tax. The service charge or fee in question is not a tax but a charge made against each occupant of premises *245 for use of the city's sewer system. Sharp v. Hall, 198 Okla. 678, 181 P. 2d 972; Louis M. and Leora R. Roth, supra.This charge represents a personal expense not subject to deduction, and respondent is sustained in its disallowance. The reduction of petitioners' deduction for medical expense by the sum of $15.29 in the determination of deficiency does not arise through disallowance by respondent of any item of medical expense claimed, but is due to the increase in net income by reason of certain disallowances made in such determination. The correct allowance for medical expense will be made upon the basis of net income as determined under the foregoing opinion. Decision will be entered under Rule 50.