Charles H. and Lilly Boston v. Commissioner.
Charles H. & Boston v. Commissioner
Docket No. 25564.
United States Tax Court
1952 Tax Ct. Memo LEXIS 179; 11 T.C.M. (CCH) 602; T.C.M. (RIA) 52188; June 17, 1952
*179 On the record, petitioners are held not to be entitled to the deduction of the cost of certain work clothing and laundry thereof, such clothing not being in the nature of a uniform or of a type required by the employer, but selected in the exercise of the employee's discretion for convenience in performing his services. Further held, that respondent was correct in his disallowance of the cost to petitioners of a telephone, the deduction of Oklahoma cigarette taxes paid by the vendor and damage incident to the breaking of a personal watch not required or necessary to his employment. On the record, the respondent is sustained in his computation of the tax on the basis of a joint return. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952) followed. Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has, by the deficiency notice, determined a deficiency in income tax for the calendar year 1947 of $57.10, but by amended answer filed at the hearing of this proceeding he has asked an increase in the deficiency to $131.39, due to a mathematical error in the computation. *180 Accordingly, it is a deficiency of $131.39 which is here in issue. The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. The petitioners are husband and wife and residents of Muskogee, Oklahoma. Petitioner Charles H. Boston filed an income tax return for 1947 with the collector of internal revenue for the district of Oklahoma, claiming thereon two exemptions, one for himself and one for his wife. This return reported a tax of $116.61, withholding from wages in the sum of $158.10, and claimed an overpayment in tax in the amount of $41.49. Petitioner Lilly Boston filed a Form 1040 for the year 1947, duly signed by her, with the collector of internal revenue for the district of Oklahoma. There was typed across the face of this form the statement: "Form 1040 is filed herewith *181 to support claim for refund * * * This is not a return." The return filed by the petitioner Charles H. Boston, hereinafter referred to as the petitioner, reported gross income in the amount of $1,831.19, arrived at in the following manner: Salary
$2,082.34
Loss Expenses: Work Clothes: 1 winter cap
$ 1.00
4 pr. hi-top shoes at $6.00
24.00
1 pr. rubber boots
8.00
2 pr. overalls at $6.00
12.00
3 pr. overalls at $3.65
10.95
1 leather coat
14.00
2 pr. wool hose at $2.00
4.00
6 pr. cotton hose at 40"
2.40
104 pr. cotton gloves at 35"
36.40
4 pr. khaki pants at $4.00
16.00
4 work shirts at $3.35
14.40
Telephone expense at $2.50
per month
30.00
251.15
Adjusted gross income
$1,831.19 The items set out on the above mentioned schedule as totaling $251.15 actually total $173.15. The deductions set out on this schedule were denominated "Occupation Expenses." This petitioner also attached to his return a schedule headed "Personal Deductions" in the sum of $217.45, representing contributions, interest, taxes and losses. In determining the deficiency here involved respondent disallowed expenses designated as "Occupation Expenses," and of *182 those designated as "Personal Deductions" he disallowed an item of $18.25 claimed as Oklahoma State cigarette tax, an item designated as local sewer tax in the sum of $3.50, and an item listed as "breakage of watch by accident," $4. Petitioner has assigned as error the disallowance by respondent of personal deductions of $18.25 and $4, and the disallowance by him of the so-called "occupational expenses" deducted in arriving at adjusted gross income. Petitioner, during the taxable year, was employed as a common laborer on construction work, doing various kinds of work, including the operation of a jackhammer and unloading brick. While engaged in such duties petitioner wore overalls of a common variety which may be purchased in any store handling work clothes. He wore cotton work gloves when unloading brick. Petitioner's employer made no specific requirements as to the type of clothing to be worn on the job, and neither provided clothing nor reimbursed petitioner for the cost of clothing purchased by him. None of the clothing worn by petitioner bore any name or other designation to identify petitioner with the company by whom he was employed or to show the nature of the work in which *183 he was employed. It was in no sense a uniform or distinctive in character. It saved wear and tear on more expensive clothing which otherwise would have been worn. The cost of one item of clothing purchased by petitioner included in the above schedule we hold to be allowable as necessary in petitioner's work and of a character not subject to use for any other purpose. These are cotton work gloves which petitioner had to have in his work for the protection of his hands, especially in unloading rough brick. These gloves only lasted a few days and had to be replaced. Petitioner makes claim for two pairs of gloves a week, purchased at a cost of 35 cents a pair, or $36.40, and we hold this cost to be an allowable expense. The other items of clothing on this list are shown to be ordinary work clothing of a type commonly worn by employees engaged in the work done by petitioner, to save wear and tear on other and better clothing. They were not of a particular style or type required by petitioner's employer. The cost of work clothing of this character is a personal expense and not subject to deduction. Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952); Louis Drill, 8 T.C. 902.
*184 During the taxable year the petitioner expended $30 as the cost of a personal telephone which he had installed in his home. This telephone was used by him for his convenience in calling up about work assignments and on personal calls by him and his wife. He was not required by his employers to maintain a telephone. It is thus apparent that the telephone installed by petitioner was for his own personal convenience, and respondent is sustained in his disallowance of this deduction. It is noted that all of the deductions denominated as occupational expenses were made from gross income in arriving at adjusted gross income and that none of them constitute deductions to an employee, such as petitioner, under section 22 (n), Internal Revenue Code, defining adjusted gross income. However, as petitioner has not computed his tax upon the basis of adjusted gross income under section 400 and with the use of Supplement T their allowability has been passed upon without consideration of this fact, for, if allowable in character as business expenses, he could, under this method of computing income, have secured their deduction. Tested on the basis of allowable business expense, *185 the only item subject to allowance is that of cotton work gloves which we have approved. It is also noted that in the petition and in the brief of petitioner's counsel mention is made of the claim for laundry of work clothes. No such item appears on the schedule and although there is some evidence in the record as to laundry expense, the amount thereof is not testified to, and consequently no allowance could be made on this ground alone. However, the laundry in question appears to have been that of the work clothes whose cost is disallowed and such expense would in no event be allowable, as under our ruling with respect to the work clothing, it would be personal in character. Of those items on the list designated as personal deductions attached to petitioner's return, respondent has disallowed $18.25 claimed as Oklahoma State cigarette tax, an item designated as local sewer tax in the sum of $3.50, and an item listed as breakage of watch by accident, $4. No error seems to have been assigned as to disallowance of the item of so-called sewer tax, but respondent's disallowance of the other two items is assigned as error by the petitioner. The record shows that the item of $18.25, *186 deducted as Oklahoma State cigarette tax, represents taxes paid by the vendor from whom the petitioner purchased them, as evidenced by tax stamps attached to the packages prior to their sale to petitioner. Such tax does not represent a deduction under section 23(c)(3), Internal Revenue Code. Louis M. and Leora R. Roth, supra. The item of $4 designated as "breakage of watch" is the cost of repairs to a watch owned by petitioner which was damaged while he was at work by being struck by a jackhammer operated by him. There is no evidence that petitioner's employer required him to carry a watch or that his employment was of a character necessitating such use of a watch. There is also no evidence that the damage in question was in the same general category as a loss resulting from fire, storm or shipwreck. It appears to have been a damage of an ordinary type such as is met in the ordinary course of work such as that performed by petitioner. It follows that this damage is not allowable either as a business expense or as a casualty loss. Error is also assigned upon the action of respondent in determining the tax liability in question on the basis of a joint return and in computing *187 the tax by use of the table under Supplement T, section 400, Internal Revenue Code. With respect to the determination on a joint basis, it need only be said that the facts here are identical with those existing in the case of Louis M. and Leora R. Roth, supra, in which we sustained respondent in his computation of the tax on the basis of a joint return. For the reasons set out in the opinion in the cited case, we here sustain respondent in his action. It may be said also in this connection that the determination of income on the basis of a joint return and the computation of the tax under Supplement T, section 400, is in petitioners' favor, as the tax computed upon the basis contended for by petitioners would merely increase the amount of the tax. Petitioners are evidently unaware of this fact in raising this issue. With the one exception of the allowance to the petitioners of the cost of work gloves in the sum of $36.40, the disallowances by respondent and his method of computation of the deficiency are approved. Decision will be entered under Rule 50.