Reuben Buckner Caskey and Lillie Caskey v. Commissioner.
Caskey v. Commissioner
Docket No. 29786.
United States Tax Court
1952 Tax Ct. Memo LEXIS 169; 11 T.C.M. (CCH) 629; T.C.M. (RIA) 52192; June 20, 1952
*169 Petitioners, upon the record, held not entitled to the deduction of the cost of (a) travel, board and lodging, (b) state cigarette tax, and (c) special work clothing. Further held that respondent not shown to be in error in reducing the amount claimed by petitioners as a deduction for state sales tax. The amount of petitioners' expenditures for medical services determined in an amount less than five per cent of income, and consequently giving rise to no deduction from gross income. Respondent sustained upon disallowance of deduction taken and designated as work assessment, in the absence of any showing as to the nature of such expenditure. Malcolm E. Rosser, Esq., for the petitioners. Jackson L. Bailey, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: The respondent has determined a deficiency in income tax of $290.21 for the taxable year 1948. The errors assigned are upon respondent's action in disallowing deductions taken for (a) cost of travel, board and lodging, (b) state sales tax, (c) state cigarette tax, (d) medical expenses, (e) work assessments, and (f) special work clothes. The proceeding was heard at Muskogee, Oklahoma, on *170 May 9, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. [The Facts] The petitioners are husband and wife and reside at Muskogee, Oklahoma. Petitioner Reuben Buckner Caskey filed an individual income tax return for the calendar year 1948 with the collector of internal revenue for the district of Oklahoma, claiming as exemptions himself, his wife and two children. The petitioner Lillie Caskey received no income and filed no return for the taxable year. The facts with respect to each deduction disallowed and our opinion upon each item is hereinafter set out separately. Expense of Travel, Board and Lodging The petitioner Reuben Buckner Caskey, hereinafter referred to as the petitioner, is a steam fitter and pipe fitter by trade. Early in the year 1948 there was no work of this kind available at Muskogee, Oklahoma, *171 where petitioner lived with his family. He was advised by the local of his union at Muskogee that employment was available for steam fitters with Urban, Smyth & Warren Co. of North Richland, Washington. He accordingly proceeded to that point and obtained employment with that firm and remained in their employ for approximately 19 months from March 3, 1948. His family remained in the family home at Muskogee, Oklahoma, during the entire time petitioner was absent and was supported by him by remittances of approximately $75 per week. Petitioner paid $112 as travel expense from Muskogee to the point where he obtained employment in the State of Washington and return to Muskogee. During the term of his employment at that point during the taxable year petitioner expended $1,435 for board and lodging. On his return filed for that year the petitioner deducted, in arriving at net income, the above mentioned expense for travel, board and lodging, from the salary of $4,762.19 received by him. Petitioner's employer, Urban, Smyth & Warren Co., was not located at Muskogee, Oklahoma, and petitioner was not employed at that point. His maintenance of a home in Muskogee during the period of his employment *172 in the State of Washington was not an incident of his employment at that point. He was in no way required by the terms or conditions of his employment to maintain a home at Muskogee. Under such circumstances petitioner's "home", for purposes of deduction of expenses of travel, board and lodging under the statute was the place of his employment and work in the State of Washington. Under such conditions his cost of travel, board and lodging is not deductible. Commissioner v. Flowers, 326 U.S. 465. State Sales Tax Petitioner, on his return for the taxable year, deducted $76.14, representing state sales tax on articles purchased. In determining the deficiency respondent reduced this deduction to the amount of $50.76. Petitioner kept no record of sales tax paid or the amount expended by him in the purchase of articles to which such tax applied. He arrived at the figure which he deducted as an estimate of what he thought he probably paid. The Hearing Commissioner has found that the evidence introduced does not support a conclusion that petitioner paid a sales tax in excess of the amount of $50.76 allowed by respondent. We approve the finding by the Commissioner and sustain *173 respondent in his adjustment of this deduction. State Cigarette Tax The petitioner, during the taxable year, smoked approximately one package of cigarettes per day. For the first two months of the taxable year such cigarettes were purchased in the State of Oklahoma, and after that time in the State of Washington. On the cigarettes purchased by petitioner in the State of Oklahoma a tax of five cents a package had been paid by the vendor prior to the purchase of the cigarettes by petitioner. The state tax on the cigarettes purchased by petitioner in the State of Oklahoma amounted to not less than $4.50. What amount of tax, if any, was paid in the State of Washington by the vendor of the cigarettes purchased by petitioner in that state is not disclosed. The Oklahoma State cigarette tax in the sum of $4.50 does not constitute an allowable deduction under section 23 (c) (3), Internal Revenue Code. Louis M. and Leora R. Roth, 17 T.C. 1450 (March 7, 1952). As the payment of the cigarette tax in the State of Washington has not been established in the record, respondent must be sustained upon his disallowance of the deduction taken of $18.25 state cigarette taxes. Medical *174 Expenses On his return petitioner set out a total of $212.44 medical expenses, which exceeded five per cent of his net income as computed by him by the sum of $51.68, which amount was claimed as a deduction. Of the items listed, the petitioner has sustained, by proof at the hearing, $50 as a hospital bill, $7 for dental work, and two expenditures of $27.50 and $25 for eyeglasses for himself and wife. No testimony was introduced as to the other itemized expenses. The total of the items supported by evidence is $109.50, which is less than five per cent of the net income of petitioner as computed on the return or subject to recomputation under our opinion. It follows that petitioner has no deduction with respect to medical expenses. Working Assessment Petitioner, on his return, set out two items of deduction - union dues of $42 and working assessments of $69.70. In determining the deficiency the respondent allowed the deduction of the item of union dues but disallowed the deduction for working assessments, as not explained. At the hearing the petitioner was interrogated as to the payment of union dues but no mention was made of the item of working assessments. In the absence of *175 proof we can not ascertain the character of this payment, and respondent is sustained in his disallowance. Work Clothing On his return petitioner has deducted $148.52 for work clothing, shoes and gloves used in his work. This deduction was disallowed by respondent, but on brief respondent concedes that under the proof petitioner is entitled to deduct $33, the cost of special work shoes, and $52 for leather-palm gloves, those articles being necessary to petitioner in his special occupation. The balance of the total of $148.52 represents the cost to petitioner of work clothing consisting of blue overalls, blue or khaki shirts, jumpers and caps. This type of work clothing was not specifically prescribed by his employer, was not distinctive in character, and was of a type generally worn by men doing the kind of work carried on by petitioner. This work clothing was selected by petitioner in the exercise of his own discretion for his comfort and convenience in performing his duties and to save wear and tear on more expensive clothing. The cost of such work clothing is not deductible. Louis M. and Leora R. Roth, supra; Harry A. Roberts, 10 T.C. 581, affirmed *176 176 Fed. (2d) 221. It is noted that by the petition filed error was assigned on respondent's action in computing the tax herein upon the basis of the table of Supplement T, section 400, Internal Revenue Code, whereas the petitioner had computed income by the long-form method with itemized deductions. However, this issue was not pressed by petitioner and it is presumed that it is abandoned, especially in view of the fact that respondent's computation of the tax under Supplement T results in a tax less than that computed upon the other basis and, consequently, is in petitioners' favor. Decision will be entered under Rule 50.