Lewis F. Cooper and Wife, Mary Nell Cooper v. Commissioner.
Cooper v. Commissioner
Docket No. 43576.
United States Tax Court
1953 Tax Ct. Memo LEXIS 268; 12 T.C.M. (CCH) 471; T.C.M. (RIA) 53149; April 30, 1953
*268 John R. Stivers, Esq., 81 Monroe Avenue, Memphis, Tenn., for the petitioners. Elmer E. Lyon, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1950 in the amount of $283.76. The issues are whether the respondent erred in disallowing (1) traveling expenses and living expenses away from home; (2) part of a deduction for work clothes and tools; and (3) part of a claimed charitable contribution. Findings of Fact Lewis F. Cooper, hereinafter referred to as petitioner, and his wife, Mary Nell Cooper, were residents of Memphis, Tennessee, during 1950. Petitioner owned his own home in Memphis. Their joint income tax return was filed with the collector of internal revenue for the district of Tennessee. Petitioner has always carried on his trade as a journeyman steamfitter and welder at Memphis; he has always looked to his local labor union for employment. In 1950 the local union furnished petitioner information which resulted in his employment in Lima, Ohio, Cleveland, Ohio, Middleton, Ohio, and Columbia, Tennessee. All of this work was temporary and *269 of short duration, and it required him to be away from his home in Memphis. His wife remained in Memphis during these periods. Petitioner's traveling expenses, including lodging, for himself while away from home in pursuit of his trade was $1,541.81 in 1950. These expenses were reasonable and necessary expenses of his trade during 1950. The respondent disallowed a deduction for that amount. While petitioner was carrying on his trade he wore heavy cotton overalls or coveralls, heavy shoes and gloves, and khaki or heavy blue denim shirts. He also used special working tools. Petitioner's tax deduction for these clothes and tools is $52.70. Petitioner made charitable contributions in 1950 in the amount of $638.35. Opinion Petitioner claimed a deduction of $207.30 for railroad and bus fare incurred while away from home in pursuit of his trade. He also deducted $1,334.51 for board and lodging while away from home in pursuit of his trade. Both of these deductions were disallowed by the respondent with the explanation that "Traveling expense and living expense away from home were not incurred while on employers [employees] business away from home where taxpayer normally works. *270 " Petitioner contends that he is entitled to these deductions as an expense "while away from home in pursuit of a trade." Section 23(a)(1)(A), I.R.C. The respondent does not question the amount spent. Since petitioner's employment during the taxable year in Lima, Cleveland, Middleton and Columbia was obviously temporary, in that it was the sort of employment in which termination within a short period could be foreseen, these traveling expenses satisfy the requirements for expense deductions. Section 23(a)(1)(A). See Commissioner v. Flowers, 326 U.S. 465. The respondent erred. E. G. Leach, 12 T.C. 20; Harry F. Schurer, 3 T.C. 544; Cf. Beatrice H. Albert, 13 T.C. 129. The petitioner also contends that he required special work clothes and tools in his trade. He claimed deductions of $102.70 and the respondent allowed $52.70. The respondent's allowance was for work shoes and gloves. The only evidence of the special nature of the work clothes was that the material in the overalls, coveralls, and shirts was heavy. The work clothes were not uniforms, or especially required by the employees. Louis M. Roth, 17 T.C. 1450, 1455. *271 Furthermore, since there was no evidence as to the cost, type, number or anything else about petitioner's tools, we must sustain respondent's determination as to the allowance of $52.70 for clothes and tools. Petitioner claimed charitable contributions of $677.35. However, he could only substantiate contributions in the amount of $638.35; the respondent must be sustained as to this deduction. Decision will be entered under Rule 50.