O.G. and Thelma L. Russell v. Commissioner.
O.G. & Russell v. Commissioner
Docket No. 41664.
United States Tax Court
1953 Tax Ct. Memo LEXIS 67; 12 T.C.M. (CCH) 1276; T.C.M. (RIA) 53357; November 6, 1953
*67 Malcolm E. Rosser, Esq., for the petitioners. William B. Riley, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in income tax of petitioners in the amount of $79.64 for the year 1948. In their petition, the petitioners assign as error the disallowance of deductions taken by them in their joint income tax return for the year 1948 for contributions to church; interest; sales taxes; Oklahoma cigarette taxes; medical and dental expenses; and trade uniforms and laundry. Petitioners, husband and wife, are residents of Muskogee, Oklahoma, and filed their income tax return for the year 1948 with the collector of internal revenue for the district of Oklahoma. O. G. Russell will hereinafter be referred to as the petitioner. Contributions to church. The respondent concedes that the petitioner is entitled to deduct contributions made by petitioner to his church in the amount of $25. Interest. The petitioner made several purchases on the installment or deferred payment plan under which a portion of the purchase price was paid in cash and the remaining balance was paid in installments. At the time *68 petitioner made the cash down payment on each purchase, he was required to pay an amount equivalent to ten per cent of the unpaid balance which was denominated a "carrying charge." During the year 1948 the petitioner paid a "carrying charge" on the following installment purchases: Approximate
Carrying
Item
Vendor
Cost
Charge
Washing machine
A & A Plumbing Company
$140.00
$13.20
Refrigerator
Sears Roebuck & Co.
325.00
29.00
Two saddles
Sears Roebuck & Co.
180.00
15.10
Set of tires
Goodyear Tire & Rubber Co.
125.00
12.00
Total
$69.30 The petitioner deducted the amount of $69.30 as interest in his income tax return for the year 1948. This deduction was disallowed by the respondent on the ground that petitioner did not establish that the "carrying charge" represented interest. The fact that the payments totaling $69.30 were called "carrying charges" does not preclude their deduction as "interest" if they were of that character. They were made under a common form of purchase under which a purchaser who makes a small down payment is permitted to delay payment of the balance over a stated period with a charge made for such privilege. The *69 charge is calculated according to the amount of the deferred payment, and we think it qualifies as interest paid upon that amount. The respondent erred in disallowing the claimed deduction of $69.30. Sales taxes. The petitioner claimed a deduction for sales taxes of $59.10. In the absence of records to substantiate the claimed deduction, the respondent allowed a deduction of $27.27, and disallowed the remainder of the deduction claimed. The petitioner at the trial conceded the correctness of the respondent's determination on this issue. Oklahoma cigarette tax. In his return for 1948, the petitioner claimed a deduction of $26 for Oklahoma cigarette taxes paid by him. This deduction was properly disallowed by the respondent as such taxes do not constitute an allowable deduction in computing the net income of the petitioner. Commissioner v. Thompson, 193 Fed. (2d) 586 (C.A. 10); Louis M. Roth, 17 T.C. 1450, 1452. Medical expenses. Petitioner's return listed a number of medical expenses which respondent disallowed as deductions. We have examined these items and are satisfied that they all qualify for deduction under Section 23 (x), except two, namely, *70 "Hygienic Supplies $20," and "Dental Supplies $15." The hygienic supplies were identified by petitioner merely as "something for the use of * * * [his] wife," and the dental supplies simply as toothpaste, toothbrushes and the like. Upon the record before us, these two items appear to be nothing more than toilet articles and may not be deducted as medical expenses. Work clothing and laundry. In his income tax return for the taxable year, the petitioner claimed a deduction of $212.65 for the following: 5 Workmen's Uniforms at $5.84
each
$37.40
3 Trainmen's caps at $1.35 ea.
4.05
3 Pairs Hi Top Heavy Shoes
at $16.80
50.40
1 Pair overshoes 4 buckle
8.00
1 Raincoat
10.00
8 Pairs leather gloves at $2.35
each
18.80
3 Pairs Khaki pants at $4.00
each
12.00
8 Khaki shirts at $2.50 each
20.00
Total
$160.65
Laundry of work clothes 52
weeks at $1.00
52.00
$212.65
Petitioner was employed in 1948 as a locomotive fireman by the K. O. & G. Railroad. While engaged in his duties on the railroad, he usually wore overalls, a jumper and a cap, but sometimes wore khaki shirts and trousers. He also wore protective gloves when working around pipes containing *71 200 pounds of steam. During 1948 he paid $9.77 per set for four sets of overalls and jumpers; $1.35 each for three caps; $16.80 per pair for three pairs of high top shoes; $8.00 for one pair of overshoes; $10.00 for a short raincoat; $4.00 a pair for three pairs of khaki pants; $2.50 each for eight khaki shirts; $2.35 per pair for eight pairs of protective gloves; and $1.00 per week for the laundry of his work clothing. It has been held that the cost of ordinary overalls and similar items of clothing, not part of a uniform, and the expense of laundry thereof may not be deducted. Louis M. Roth, 17 T.C. 1450, 1455. This rule would seem to cover the cost of the overalls, jumpers, overshoes, khaki pants and shirts, as well as the laundry expense. On the other hand, special clothing not ordinarily adaptable for other use and clothing of a protective character do not fall in the foregoing category, and their cost constitutes an allowable deduction. The high top shoes, gloves, short raincoat, and caps appear to be of this type, and we hold that the expenditures made by petitioner to acquire them are deductible. Decision will be entered under Rule 50.