Marshall J. and Edith M. Hammons v. Commissioner.
Hammons v. Commissioner
Docket No. 31518.
United States Tax Court
1953 Tax Ct. Memo LEXIS 55; 12 T.C.M. (CCH) 1318; T.C.M. (RIA) 53368; November 24, 1953
Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioners for the year 1948 in the amount of $284.60. In their petition, the petitioners assign as error the disallowance by the respondent of certain deductions taken in a joint income tax return filed by them for the year 1948 with the collector of internal revenue for the district of Oklahoma, and the use by the respondent *56 of the standard deduction in determining the deficiency. In view of petitioners' claim to a medical deduction under Section 23 (x), it becomes necessary to determine whether certain of the other contested deductions, if allowable, may also be taken into account under Section 22 (n) in determining "adjusted gross income". Petitioners, husband and wife, are residents of Muskogee, Oklahoma. Marshall J. Hammons will hereinafter be referred to as the petitioner. Petitioner is a bakery route salesman and during the taxable year was employed by the Purity Bakery Corporation, distributors of Tasty Bread. He received as compensation for his services ten per cent of the sales made by him. His compensation for the year 1948 amounted to $4,473.40. Wages. Petitioner paid a school boy $35 during the year 1948 for helping him to load the bread truck after school hours and on Saturdays. The deduction of this amount claimed by petitioner in his return was disallowed by the respondent. The $35 expended by petitioner represented an ordinary and necessary expense incurred by petitioner in earning the commissions paid him by his employer. The respondent erred in disallowing the claimed deduction *57 under Section 23 (a). Accounting fees. In his return the petitioner claimed a deduction of $5.00 for accounting fees. In the absence of any evidence relating to this item, the respondent's disallowance of the claimed deduction is sustained. Entertainment expense. During the year 1948 the petitioner occasionally took grocers to lunch and at other times purchased soft drinks and coffee for them in order to promote good will and increase his sales and compensation. He estimated that he spent approximately $5.00 a week and claimed a deduction of $260.00 in his return for "Entertainment expense (to secure and/or to retain patronage)." The petitioner kept no record of his expenditures. We are satisfied, however, that he made some expenditures and that they constituted ordinary and necessary expenses of his business. Applying the rule of Cohan v. Commissioner, 39 Fed. (2d) 540, 544 (C.A. 2), we hold that a proper deduction for expenditures made by petitioner for entertainment is $156 for the year 1948. Cf. Harold A. Christensen, 17 T.C. 1456. Work clothes and laundry. In his return for 1948 the petitioner claimed a deduction of $208 for "Uniforms with Co. *58 insignia" and $104 for "laundry of work uniforms". These deductions were disallowed by the respondent. The petitioner was required by his employer to wear a uniform consisting of a shirt, trousers, jacket, and chauffeur-type cap. The trousers, shirt, and jacket were tailor made. The insignia of the bread company in bright red colors was sewed on the cap, jacket and shirt. The jacket was light gray and similar to a "battle jacket". Petitioner testified that of the $208 claimed as a deduction for uniforms, $104 represented the cost of trousers and jacket, which respondent now concedes to be deductible. The remaining $104 (for shirts, shoes, socks, caps, overshoes, and raincoat) we hold to be deductible only to the extent of the caps (four a year at $8.00 each) and the shirts. The evidence does not disclose the cost of the shirts but we will allow $20.00 as a deduction for them. The expenditures for shoes, socks, overshoes, and raincoat were for ordinary clothing not in the nature of a uniform and are not deductible. Cf. Louis M. Roth, 17 T.C. 1450, 1455. Petitioner failed to produce any proof to establish the payment of any amount during the taxable year for laundry *59 of uniforms, and the claimed deduction of $104 for laundry is disallowed. Shortages. Petitioner was charged with all goods placed on his truck each morning, and each evening had to account for all goods not returned to the company. Frequently the amount collected from his customers during the day would be insufficient to meet his obligation for goods not returned because of loss of goods while on his route, mistakes in making change, and reimbursements made by him to customers for defective goods for which the company did not reimburse him. Petitioner made weekly settlements with the company for such shortages. During the year 1948 the aggregate amount paid by him for shortages was not less than $45, and he claimed a deduction of this amount in his return for that year. We hold that the Commissioner's disallowance of this deduction was error. Travel expense. In his 1948 return the petitioner claimed a deduction of $624 for "travel expense". The work petitioner performed for his employer required him to call upon customers daily. These customers were located along a circuit that was covered by a trip from Muskogee to Westfall and Stillwell, and back to Muskogee, a total distance *60 of about 138 miles. His employer furnished petitioner with a truck, oil, gas, and other necessary supplies for these trips. He worked six days of each week. While on his trips he ate two meals each day, the estimated cost of which was $1.00 per meal. The claimed deduction for "travel expenses" relates solely to the cost of such meals. We think that the respondent properly disallowed the deduction. Petitioner was in no different position from that of any other person whose daily business makes it impossible for him to eat all of his meals at home. Amounts expended by him for meals were personal living expenses the deduction of which is prohibited by the provisions of Section 24 (a) (1) of the Internal Revenue Code. They were not deductible under Section 23 (a) or 22 (n) (2). Contributions. The petitioner claimed a deduction in his 1948 return of $283 for contributions to the Assembly of God Church, which was disallowed by the respondent. The respondent now concedes that the petitioner is entitled to this deduction. Interest. In his 1948 return the petitioner claimed a deduction of $126 for interest paid. The respondent disallowed the deduction of $30 of this *61 amount. The evidence on this issue is meager and confusing. We hold that the Commissioner's determination in this respect must be sustained. Oklahoma Cigarette Tax. Petitioner claimed a deduction for Oklahoma cigarette taxes paid by him during the year 1948 in the amount of $27.35. This deduction was properly disallowed by the respondent. Louis M. Roth, 17 T.C. 1450, 1452-1454. Sewer tax. The petitioner claimed a deduction of $6 for sewer tax paid to the city of Muskogee. This deduction was properly disallowed by the respondent. Louis M. Roth, supra, at page 1454. Medical expenses. In his return for 1948, the petitioner claimed that he paid medical expenses aggregating $388.50 during that year, and that by reason of these payments he was entitled to deduct $228.88, the amount by which these payments exceeded 5 per cent of his adjusted gross income. The evidence convinces us that petitioner paid $229 for medical services for his daughter and his wife, $20 for repairing his false teeth, $35 for glasses and treating his wife's eyes, and $45 for vitamins which a doctor prescribed for his daughter, or an aggregate amount of $329. This amount is deductible *62 by petitioner under the provisions of Section 23 (x) of the Internal Revenue Code to the extent that it exceeds 5 per centum of adjusted gross income. Deduction with respect to any additional payments for medical expenses claimed by petitioner in his return is denied for lack of any evidence from which we can determine that they were actually made. In the joint return filed by petitioner and his wife for 1948 many of the deductions mentioned above were claimed as deductions from gross income in arriving at adjusted gross income. Section 22 (n) of the Internal Revenue Code defines adjusted gross income as gross income less expenses attributable to a trade or business "if such trade or business does not consist of the performance of services by the taxpayer as an employee", expenses of travel, meals and lodging while away from home in connection with the performance of services as an employee, reimbursed expenses in connection with employment and certain other items which are not material herein. During the year 1948 petitioner was an employee of the Purity Bakeries Corporation which filed a withholding statement showing wages paid to him *63 for his services in the amount of $4,473.40. As an employee he is not entitled to any "trade or business" deductions under the authority of Section 22 (n) (1), nor, on this record, did he have any "reimbursed expenses" under Section 22 (n) (3). To the extent that any deductions were claimed by petitioner in his 1948 return and have been allowed herein, they are deductible in computing his net income under the provisions of Section 23 of the Internal Revenue Code, but none of them may be taken into account under Section 22 (n) in determining "adjusted gross income". Election to use long-form method of itemizing deductions. In the income tax return filed for the year 1948, the petitioners elected to use the long form and itemize deductions. After disallowing many of the itemized deductions, the respondent determined the deficiency upon the basis of the allowance of the standard deduction. In their petition, the petitioners allege as error the disallowance of itemized deductions and the use of the standard deduction by the respondent. The use of the standard deduction was obviously intended to be for the benefit of the petitioners, on the assumption that the controverted *64 deductions were properly disallowed, and, if the allowance of the standard deduction operates to their advantage, this assignment of error will be deemed to have been abandoned. The respondent concedes that inasmuch as petitioners elected to itemize their deductions in arriving at net income, they are not required to use either the Supplement T table, or the optional standard deduction. Decision will be entered under Rule 50.