Robert H. Lee v. Commissioner.
Lee v. Commissioner
Docket No. 77209.
United States Tax Court
T.C. Memo 1960-58; 1960 Tax Ct. Memo LEXIS 232; 19 T.C.M. (CCH) 317; T.C.M. (RIA) 60058; March 30, 1960
*232 Held, under the doctrine of Cohan v. Commissioner, (C.A. 2) 39 F. 2d 540, the petitioner is entitled to deduct as a business expense, a portion of the expense incurred by him for installing and maintaining a telephone in his home. Robert H. Lee, pro se, 411 Windsor Drive, Birmingham, Ala. Harold G. Clark, Jr., Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The respondent determined a deficiency in petitioner's income tax in the amount of $56.59 for the year 1957. The sole issue for decision is whether any of the amount expended by the petitioner for installing and maintaining a telephone in his personal residence is deductible as an ordinary and necessary business expense. Findings of Fact The petitioner, Robert H. Lee, resides in Birmingham, *233 Alabama, with his wife. He filed an individual income tax return for the year 1957 with the district director of internal revenue at Birmingham. Since 1942 and during the year in question, 1957, the petitioner was employed as a distribution clerk by the Postal Transportation Service, an agency of the United States Government. He regularly worked from 10 A.M. to 6:30 P.M., 5 days a week, assorting parcel post. During 1957, the Postal Transportation Service paid the petitioner a base salary of $4,610 and $365.78 overtime. He worked between one and two hours overtime whenever he was called in. Prior to his employment by the Postal Transportation Service, the petitioner maintained a personal household telephone at his home. Late in December 1956, the petitioner and his wife moved to a new residence, and had a telephone installed there. This telephone was a general household telephone used by the petitioner and his wife for personal matters. It was also used by the petitioner to make and receive calls regarding whether or not he would work any overtime. Postal Laws and Regulations, Chapter 5, paragraph 512, provides: "Regular employees must reside at points which permit prompt reporting *234 for duty. You must address a written request to your District Transportation Manager and get permission to establish residence at a point which is more than 50 miles from either terminus or more than 40 miles from an intermediate point on your assigned line. Employees must provide for calls by telephone. If you do not have a telephone at your home, arrangements must be made to receive calls. District Transportation Managers maintain an accurate list of employee's addresses and telephone numbers on file in the District office and must be informed of arrangements made. Any change of address or telephone number, even for a short period, must be reported." Petitioner had neighbors residing near his home, but due to their illness and other reasons, he found it impractical to make arrangements for them to receive his telephone calls. A total of $80.56 was paid during the taxable year in question for installing and maintaining the telephone. Opinion The petitioner contends that since the Postal Laws and Regulations require that an employee must provide for calls by telephone, the cost of installing and maintaining the telephone in his residence is an ordinary and necessary business *235 expense. On the other hand, it is the respondent's position that this telephone is purely personal and therefore its cost is not deductible. Section 262, Internal Revenue Code of 1954. Respondent further contends alternatively, that if some small use of this phone is for a business purpose, the entire amount expended is still not allowable because of the absence of any basis, whatsoever, to determine an allocation between business and personal uses. Both the respondent and the petitioner rely upon Louis M. Roth, 17 T.C. 1450. In that case the taxpayer was employed as a railway fireman for irregular trips. He was notified before each trip of when to report. Under the rules of his (Roth's) employment, the railroad would send a taxicab to his home with the message. The cost of the taxi was to be paid by Roth. If, however, Roth installed a telephone, he would be called by that means. Roth installed a telephone at the suggestion of his supervisors to avoid the expense of the taxicab. As in the instant case, Roth was not required to have a telephone, but this Court held: "It is indicated from the testimony that the only reason impelling petitioner *236 to install this telephone was for the purpose of receiving calls for the performance of service by him. There is no evidence that the telephone was used for the personal convenience of petitioner or his family. Under these particular circumstances, we think that the cost in question is so closely and directly related to petitioner's earning of income and reasonably necessary in the course of his employment as to qualify as a deductible expense. We hold that petitioner is entitled to this deduction." Unlike the Roth case, there is evidence in the instant case which establishes that this telephone was used for personal convenience as well as for the petitioner's business. The petitioner is entitled to a business deduction only to the extent that the cost of installing and maintaining the telephone represented a business, as distinguished from a personal, expense; but the evidence is not sufficient to establish precisely how much the telephone was used for business purposes. Therefore, applying the rule of Cohan v. Commissioner, 39 F. 2d 540, and estimating as best we can, we hold that out of the total telephone charges of $80.56, the amount of $25 should be allowed as *237 a business expense deduction for the taxable year involved. Decision will be entered under Rule 50.