LINDA J. TYLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tyler v. Commissioner
Docket No. 22808-89
United States Tax Court
T.C. Memo 1991-537; 1991 Tax Ct. Memo LEXIS 593; 62 T.C.M. (CCH) 1100; T.C.M. (RIA) 91537; October 29, 1991, Filed *593 Decision will be entered for the respondent. James D. Webb III, for the petitioner. Shelley D. Turner, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A of the Code and Rule 180 et seq. [1]
Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax [2]
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1985
$ 438.00
$ 21.90
*
1986
$ 654.80
$ 32.74
*
*594 The issues for decision are: (1) Whether petitioner is entitled to deduct as employee business expenses the amount of apartment rent paid by her during the taxable years in issue; (2) whether petitioner is entitled to deduct telephone expenses for the taxable years in issue as claimed in her amended petition; and (3) whether petitioner is liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules or regulations. Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioner was a resident of Rowlett, Texas, at the time she filed her petition. 1. Deduction of Apartment Rent Paid
During the years in issue, petitioner was the apartment manager of Tiffany Trace Apartments (Tiffany) in Garland, Texas. Petitioner lived in an apartment on the apartment complex premises while employed as manager of Tiffany by several management corporations during 1985 and 1986. Petitioner was not required to live on the complex as a condition of her employment. Petitioner's employers paid her a salary for her management services and also furnished petitioner *595 with additional compensation in the form of rental discounts (fair rental value minus rent paid by petitioner) on her apartment. Petitioner deducted the amount of rent she actually paid, i.e., the difference between the fair rental value of her apartment and the rental discounts. Respondent disallowed the deductions. All claimed deductions are a matter of legislative grace and petitioner must prove her entitlement thereto. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). The burden of establishing the right to a claimed deduction is on the taxpayer. Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). We first note that petitioner argues that the question to be decided is whether "Petitioner is entitled to exclude under section 119 of the Internal Revenue Code certain amounts of rent paid to her employer * * *." Petitioner's reliance on section 119 is misplaced since in this case petitioner is claiming deductions, not exclusions. Section 119 provides for an exclusion for the value of lodging furnished to an employee by her employer if certain conditions are met. However, petitioner is claiming employee business *596 expense deductions, under section 162(a), for the amount of apartment rent paid by her during taxable years 1985 and 1986. Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including "(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer had not taken or is not taking title or in which he has no equity." Section 262 prohibits deductions for personal, family, and living expenses. In this case, petitioner has failed to show the business purpose of the rents paid. Petitioner used her apartment exclusively as a place of residence. The rental payments she made are, therefore, nondeductible personal, living, or family expenses under section 262. Cf. Scott and Associates, Ltd. v. Commissioner, T.C. Memo 1982-24. Accordingly, we hold that petitioner has not shown that she is entitled to deduct the items in dispute. See Tougher v. Commissioner, 51 T.C. 737, 743 (1969), affd. per curiam 441 F.2d 1148 (9th Cir. 1971). *597 2. Telephone Expenses
At trial, petitioner claimed as an employee business expense deduction for 1985 and 1986 part of the cost of maintaining a telephone in her home. Petitioner testified that her basic monthly telephone costs (excluding long-distance calls) during 1985 and 1986 totaled $ 313.32 ($ 26.11 X 12). She seeks to deduct 50 percent of the yearly charges (i.e., $ 156.66 in each year) as ordinary and necessary employee business expenses. Respondent asserts that this expense was personal and nondeductible under section 262 because there was no requirement that petitioner personally have a telephone but only that she be able to be reached by telephone. Petitioner claimed that she was required to be on-call after her regularly scheduled office hours in case of an emergency. An answering service was maintained for this purpose and provided the caller the telephone number of either the manager, maintenance, or the property supervisor. Petitioner was not required to have a telephone in her apartment as there was a telephone in the office on the complex premises available for her use after hours. This Court has held the cost of installing and maintaining a telephone *598 in a personal residence is a deductible expense provided that it is closely and directly related to the earning of income by a taxpayer and that it is reasonably necessary in the course of her employment. Roth v. Commissioner, 17 T.C. 1450, 1455 (1952); Hamilton v. Commissioner, T.C. Memo 1979-186. However, it is necessary "Where substantial business and personal motives exist" to make an allocation between the business and personal uses of a telephone. International Artists, Ltd. v. Commissioner, 55 T.C. 94, 105 (1970). Nevertheless, if the primary purpose of the phone relates to personal, rather than business needs, no deduction for telephone maintenance shall be allowed. See International Artists, Ltd. v. Commissioner, supra at 104; Banks v. Commissioner, T.C. Memo 1981-490. Petitioner gave no testimony as to the actual business related emergency calls she received through the answering service and their frequency as compared to her total outgoing and incoming personal telephone calls. Only petitioner's self-serving testimony supports her contention that she is entitled *599 to deduct 50 percent of her yearly telephone bills. We conclude from this record that petitioner has not shown that the primary purpose of her telephone was to provide for her business rather than her personal needs or that petitioner has shown a "substantial business motive" for this claimed expense. See Hamilton v. Commissioner, supra. Accordingly, we must sustain respondent's disallowance of the telephone expenses claimed. 3. Additions to Tax
Finally, we must decide whether petitioner is liable for additions to tax under section 6653(a). Section 6653(a)(1) for 1985 and section 6653(a)(1)(A) for 1986 provide for an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) for 1985 and section 6653(a)(1)(B) for 1986 impose an additional amount equal to 50 percent of the interest payable under section 6601 on the portion of the underpayment attributable to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). *600 Petitioner bears the burden of proving that the additions to tax do not apply. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). We hold on this record that petitioner has failed to carry her burden. Respondent's determination as to the additions to tax is sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Sec. 6653(a)(1) and (2) have been redesignated, for returns the due date for which (determined without regard to extensions) is after December 31, 1986, as sec. 6653(a)(1)(A) and (B), respectively. Tax Reform Act of 1986, Pub.L. 99-514, sec. 1503(a),(e), 100 Stat. 2742-2743.↩
*. 50 percent of the interest due on the amount of the underpayment due to negligence. ↩